**UNITED STATES of America**

v.

**Emmett C. McKINNEY, a/k/a Charles McKinney, Appellant.**

**No. 71-1981.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 15, 1973.

---

Mr. Wallace L. Duncan, Washington, D. C. (appointed by this Court), was on the brief for appellant.

Mr. Harold H. Titus, Jr., U. S. Atty., Messrs. John A. Terry and James A. Fitzgerald, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, LEVENTHAL, Circuit Judge, and HARRISON WINTER *, United States Circuit Judge for the Fourth Circuit.

PER CURIAM:

On this appeal from unlawful possession of a firearm, the central issue is the reasonableness of the seizure of the sawed-off shotgun in appellant's hotel room. The pertinent facts that emerged at the hearing, on the appellant's motion to suppress, developed that on July 30, 1970, at approximately 9 a. m., the manager of the Franklin Park Hotel noticed that the phone in room 642 (appellant's room) was off the hook, and dispatched a bellman there to replace the receiver. The bellman entered the room with a pass key, and in looking for the telephone, which was obscured by a newspaper, he observed a sawed-off shotgun lying on a night table. This was reported to the manager, who notified the police. The police went to the hotel, without a search warrant, and on arrival there, about 10 a. m., were admitted to the room by the management. They observed the gun, checked it, removed a live shell and replaced the weapon on the table.

When appellant entered the room, at about 11:20 a. m., he was arrested.

The District Court ruled that the failure to obtain a warrant was jus-

* Sitting by designation pursuant to Title 28, U.S.C. § 291(a).

tified by the exigency and circumstances, and by the fact that, this being a transient hotel, the police reasonably concluded that they had to act quickly to avoid losing the evidence that was available. Although a warrantless entry is *prima facie* unreasonable under the Fourth Amendment, a warrant is not required in the case of exigent circumstances, and the court must look to the facts of the particular case to determine whether there was the requisite exigency. Warden v. Hayden, 387 U.S. 294, 298, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Dorman v. United States, 140 U.S.App.D.C. 313, 435 F.2d 385 (1970, en banc).

■■ *Dorman* set forth a number of pertinent factors. The case at bar did not involve a "complacent" crime but rather a grave offense which, if not a crime of violence strictly speaking, obviously posed a danger to the community. There was strong probable cause to believe that a crime had been committed by the occupant of the room, see 22 D.C.Code 3214, 26 U.S.C. 5861(d), even though there was a possibility that a justification for possession of such a weapon might be established. The entry by the police detectives was peaceful, and during the day, and had been preceded by entries by the hotel staff. While a hotel room is entitled to privacy, the police were entitled to take into account that what was involved was a nonresident of the District of Columbia who had recently checked into a transient hotel, and, again, that this was a sawed-off shotgun, an ominous threat in and itself, *cf.* Epperson v. United States, 125 U.S.App.D.C. 303, 371 F.2d 956 (1967). Under these circumstances [1] we find the entry and seizure valid.

■ We turn to appellant's complaint of his conviction on the first count. We think this conviction is infirm and should be vacated, though not precisely for the reasons stated by appellant. However, this contention has no practical effect, since there were concurrent sentences on the first and second counts, to 2–6 years, to serve 6 months and the balance suspended, 3 years probation. And we do not think the interest of justice requires remand for resentencing on the second count.

■ The difficulty with Count 1 is that it charges that appellant violated 26 U.S.C. § 5861(c) and § 5871 by a knowing possession of a firearm that was made without the filing of an application to the Secretary of the Treasury as required by 26 U.S.C. § 5822. The problem is that 26 U.S.C. § 5861(c), as amended in 1968, prohibits possession of a firearm "made in violation of the provisions of this" act, and we see no proof to that effect. The Government's Exhibit 2 is a certificate of the Treasury Department that the firearm described (by serial number, *inter alia*) was not "registered to, or * * * acquired by lawful making, transfer or importation by Charles (NMN) McKinney." This was probative as to Count 2, which charges a knowing possession, in violation of 26 U.S.C. § 5861(d) and 5871, of a shotgun not registered in the National Firearms Registration and Transfer Record. But the Treasury Certificate has been asked to do additional duty, to prove a violation of 26 U.S.C. § 5861(c), for which it was not designed. We hurry by the question whether the notation on this certificate describing the firearm as showing "Crescent Firearms Co., Norwich, Conn. U.S.A. (Stamped on the receiver)" is sufficient proof that the firearm was made in the United States (rather than imported), because, in any event, it is plainly insufficient to show that the firearm was unlawfully made by Crescent Firearms Co. For all that is

---

1. The circumstances are critically different from those in Page v. United States, 282 F.2d 807 (8th Cir. 1960), relied on by appellant. That case involved (a) an entry into Page's home, (b) made the morning of February 11, after the sawed-off shotgun had been observed on February 10(c) which was sought to be justified as incident to an arrest made outside the home.

certified by the Treasury Department, it might well have been lawfully made by Crescent Firearms Co., but thereafter unlawfully transferred to appellant, which would make his receipt and possession a violation of subsection (b)—but not (c)—of 26 U.S.C. § 5861. The only other pertinent evidence in the record is the Government's introduction of the statement of appellant that he bought the firearm from persons unknown on the 14th Street Strip for self-protection (Tr. 30).

The judgment is vacated as to count 1, and affirmed as to count 2.[2]

So ordered.

2. The uncontradicted testimony of the police officer that defendant was advised of his rights before he was asked any questions disposes of appellant's claim under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).