**UNITED STATES of America, Appellee,**

v.

**Gregory Darnell TURNER and Curtis Woodrow Jones, Appellants.**

**UNITED STATES of America, Appellee,**

v.

**John Lewis KELLY, Appellant.**

Nos. 79–5353, 80–5088.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1981.

Decided June 5, 1981.

Paul W. Spence, Asst. Federal Public Defender, Baltimore, Md. (Fred Warren Bennett, Federal Public Defender, Baltimore, Md., Lisa A. Fillmore, Law Clerk, W. Samuel Truette and David G. Schriver, Baltimore, Md., on brief), for appellants.

D. Christopher Ohly, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before BUTZNER, SPROUSE, and ERVIN, Circuit Judges.

BUTZNER, Circuit Judge:

Gregory Turner, Curtis Jones, and John Kelly appeal their convictions for possessing and distributing cocaine, in violation of 21 U.S.C. § 841(a)(1). We affirm because the warrantless entry into Turner's apartment was justified by exigent circumstances and there is sufficient evidence to sustain the convictions.

### I

On October 20, 1978, a police corporal learned from an informant that Turner and Jones were using Turner's apartment in Hillside, Maryland, to distribute cocaine. The informant told the corporal that Turner and Jones had sold cocaine in his presence to several other persons who visited the apartment between October 14 and 20. When the informant initially visited the apartment on October 20, Turner said he had no cocaine but that he expected a delivery that evening.

At approximately 8:30 p. m., the informant returned to the apartment and purchased cocaine from Turner. The informant observed Kelly either snorting cocaine or bagging a substantial quantity into smaller sacks. He also observed a large, clear plastic bag of cocaine on the coffee table in the living room. Turner told the informant that he and Kelly would leave the apartment shortly and they would take the cocaine to another location.

The informant promptly reported to the corporal, who returned to police headquarters to prepare an affidavit for a search warrant. At approximately ten o'clock, before the corporal completed his affidavit, an officer conducting surveillance saw Turner leave the apartment. He followed Turner and arrested him in the parking lot of a store 300 to 400 feet from the apartment. No cocaine was found on Turner at the time of his arrest.

Upon learning of Turner's departure, the corporal left headquarters and went to the parking lot. Turner told the corporal that Kelly was still inside the apartment. The corporal was concerned that Kelly could have seen the arrest and might destroy the cocaine. He realized that it would take at least two or three hours to secure a search warrant. Therefore, he called a state prosecutor and explained the situation. The prosecutor instructed him to enter the apartment immediately, arrest Kelly, and secure the apartment until a search warrant could be obtained.

Using Turner's keys, the corporal and another police officer entered the apartment and arrested Kelly. Cash totaling $687 was found on Kelly. The officers searched the apartment to make certain that no one else was present and observed on the table in the living room the clear plastic bag containing cocaine. As they prepared to leave the apartment, Jones entered, using his own key, and was arrested. A ledger containing entries that appeared to record drug sales and $874 in cash were found on Jones.

The corporal then completed his affidavit at police headquarters and obtained a search warrant, which was executed after midnight. Seized at the apartment, among other things, was the plastic bag containing 125 grams of cocaine.

Turner, Jones, and Kelly were charged in state court with unlawful possession and

distribution of cocaine. Following an evidentiary hearing, the state court granted their motion to suppress the evidence seized at the apartment, and the state elected not to proceed with the prosecutions.

Later, a federal grand jury indicted Turner, Jones, and Kelly on drug charges arising out of the same incident. Again, appellants moved to suppress the evidence.

The district court, after reviewing the record of the state proceedings and examining photographs of the scene, found that the officers had a rational basis for their belief that Kelly could have seen Turner's arrest and that he might be destroying the cocaine which the officers knew was in the apartment. The court concluded that because exigent circumstances justified the warrantless entry, the motion to suppress the evidence found in the apartment should be denied.

## II

■ The principal issue on appeal is whether exigent circumstances justified the warrantless entry into Turner's apartment. The district court's finding of exigent circumstances must be sustained unless it is clearly erroneous. *See United States v. Flickinger*, 573 F.2d 1349, 1357 (9th Cir. 1978); *United States v. Gardner*, 553 F.2d 946, 948 (5th Cir. 1977). We must determine not whether we would have made the finding the district court did, but whether "on the entire evidence [we are] left with the definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

■ Warrantless entries into a person's home are presumptively unreasonable. *Payton v. New York*, 445 U.S. 573, 586, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980). Nevertheless, they may be justified when exigent circumstances exist. Courts have recognized that when officers have probable cause to believe that contraband is present and, in addition, they reasonably believe that the evidence may be destroyed or removed before they can secure a search warrant, a warrantless entry is justified. *See, e. g., United States v. Edwards*, 602 F.2d

458, 468–69 (1st Cir. 1979); *United States v. Delguyd*, 542 F.2d 346, 350–52 (6th Cir. 1976); *United States v. Rubin*, 474 F.2d 262, 268 (3d Cir. 1973).

■ *United States v. Rubin, supra*, provides an appropriate analysis for examining the district court's finding of exigent circumstances. *Rubin* recognized that "[t]he emergency circumstances will vary from case to case and the inherent necessities of the situation at the time must be scrutinized." 474 F.2d at 268. The court went on to catalog some of the factors courts have considered relevant in determining whether exigent circumstances exist in a particular case. These include: (1) the degree of urgency involved and the amount of time necessary to obtain a warrant; (2) the officers' reasonable belief that the contraband is about to be removed or destroyed; (3) the possibility of danger to police guarding the site; (4) information indicating the possessors of the contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband. 474 F.2d at 268–69.

Appellants contend that the district court's findings are insufficient to sustain its ultimate conclusion that the warrantless entry passes the exigent circumstances test.

■ We believe that the findings of the district court satisfy pertinent factors mentioned in *Rubin* and that its conclusion that the warrantless entry was justified is correct. First, the court found a high degree of urgency. While the officers were in the process of obtaining a warrant, circumstances beyond their control made it impractical for them to do so before entering the apartment. Second, it found that there was a rational basis for their belief that Kelly could have seen Turner's arrest. The apartment afforded a view of the parking lot, and although the arrest occurred at night, the area was lighted. Moreover, additional police called to the scene to assist in Turner's arrest arrived in a van with flashing lights. Third, the court found that there was a rational basis for the officers' belief that Kelly might destroy the evidence. Fourth, while the court made no specific finding on the destructibility of the

contraband, appellants admit that the cocaine seized at the apartment was readily destructible. All of these circumstances led the district court to conclude that the officers reasonably believed that they were confronted with an emergency in which the delay necessary to obtain a warrant would enable Kelly to destroy the evidence.

Alternatively, appellants contend that even if the police thought Kelly might destroy the cocaine, the entry was unjustified because they did not know that the cocaine was being destroyed. They maintain that *Vale v. Louisiana*, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970), precludes resort to exigent circumstances for support of the warrantless entry because "[t]he goods ultimately seized were not in the process of destruction." 399 U.S. at 35, 90 S.Ct. at 1972.

The circumstances in *Vale* are distinguishable from this case. Vale was arrested in front of a house known to contain drugs. Prior to their search of the house, the police satisfied themselves that no one was inside. There was no threat in *Vale* that the drugs would be destroyed, and, consequently, the warrantless search was not justified by exigent circumstances.

In contrast to *Vale*, it was reasonable for the officers to believe that Kelly could have observed Turner's arrest and might destroy the evidence before a search warrant could be obtained. We agree with those courts of appeals which have held that under comparable circumstances, *Vale* does not require suppression of the evidence. *E. g., United States v. Gardner*, 553 F.2d 946, 948 (5th Cir. 1977); *United States v. Curran*, 498 F.2d 30, 34–35 (9th Cir. 1974); *United States v. Rubin*, 474 F.2d 262, 267–68 (3d Cir. 1973). *See* LaFave, 2 Search and Seizure § 6.5 at 432–50.

The district court's finding that, in light of the emergency, the warrantless entry was justified is amply supported by the evidence, and its denial of appellant's motion to suppress must be affirmed.

### III

Kelly and Jones also challenge the sufficiency of the evidence to support their convictions. Kelly admits that the evidence established his possession of cocaine. He maintains, however, that the government failed to prove that he intended to distribute the cocaine. Jones contends that the record does not show that he had dominion and control over the cocaine.

After reviewing the record in the light most favorable to the government, we conclude that it contains sufficient evidence to find Kelly and Jones guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Accordingly, the judgment of the district court is affirmed.