UNITED STATES of America, Plaintiff–Appellee,

v.

Isaac Christopher GRISSETT, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

Julio PEREZ–RODRIGUEZ, Defendant–Appellant.

Nos. 90–5033, 90–5036.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1990.
Decided Feb. 19, 1991.

Michael Morchower, argued (S. Hunter Woltz, on brief), Morchower, Luxton & Whaley, Richmond, Va., for appellant Grissett.

Harry L. Hobgood, Asst. U.S. Atty., argued (Robert H. Edmunds, Jr., U.S. Atty., on brief), Greensboro, N.C., for appellee.

Danny T. Ferguson, on brief, Peebles, Schramm & Ferguson, Winston–Salem, N.C., for appellant Perez–Rodriguez.

Before PHILLIPS and WILKINSON, Circuit Judges, and MERHIGE, Senior District Judge for the Eastern District of Virginia, sitting by designation.

PER CURIAM:

Both appellants challenge the validity of the search of their motel room and appellant Grissett contests the sufficiency of the evidence supporting his conviction. We affirm both convictions.

## I.

On July 22, 1989, officers from the Winston–Salem Police Department received a call from a local motel stating that a man was in the lobby with a gun. When police arrived, a motel employee pointed to Anthony Massey as the subject of the call. A pat-down of Massey yielded a revolver and ammunition. When Massey could not produce any identification, a police officer asked Massey if anyone in the area could identify him. Massey responded that an individual in room 523, where Massey had been, could identify him.

After a surveillance of room 523, uniformed police officers knocked on the room door to determine if anyone there could identify Massey. Before appellant Issac Grissett opened the door, the officers identified themselves as police officials. An officer next asked if he could speak with the person in whose name the room was registered. Grissett responded by stepping into the hallway, leaving the door ajar. Through the open door, the officers could see three other individuals, including appellant Julio Perez–Rodriguez. The officers, after asking Grissett a few questions, smelled the odor of marijuana wafting through the open doorway of room 523. The police then entered the room and found marijuana and crack cocaine lying on furniture around the room. Also, an officer discovered a paper bag containing 69.3 grams of crack cocaine on the balcony of the adjacent motel room approximately seven feet from room 523's balcony. Police arrested the room's occupants.

Grissett and Perez–Rodriguez filed motions to suppress the evidence seized from the motel, contending that the warrantless search of the room violated the Fourth Amendment. The district court denied these motions. Grissett and Perez–Rodriguez were then tried and convicted of conspiring to possess cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841 & 846. Perez–Rodriguez was also convicted on two other drug related charges. Grissett and Perez–Rodriguez now appeal the court's suppression ruling and Grissett challenges the sufficiency of the evidence underlying his conviction.

## II.

The warrantless entry of the motel room was proper if the police had probable cause to believe contraband was present and exigent circumstances existed. *United States v. Turner*, 650 F.2d 526, 528 (4th Cir.1981). Appellants apparently concede that the smell of marijuana emanating from room 523 provided the police with probable cause to believe marijuana was being consumed in the room. Grissett and Perez–Rodriguez, however, contend that exigent circumstances were not present in their case.

We disagree. Exigent circumstances can arise when the evidence might be destroyed before a search warrant could be obtained. *Id.* The police need not, as appellants suggest, produce concrete proof that the occupants of the room were on the verge of destroying evidence; rather, the proper inquiry focuses on what an objective officer could reasonably believe. *See, e.g., United States v. Socey*, 846 F.2d 1439, 1446 (D.C.Cir.1988). Since the police had identified themselves before smelling the marijuana, an officer could reasonably conclude that the occupants of the room would attempt to dispose of the evidence before the police could return with a warrant. This is especially true in the case of an easily disposable substance like drugs. *Id.* at 1444–45.

In addition, we cannot accept appellants' claim that the exigent circumstances were somehow of the officers' own making. Massey directed the officers to room 523 to establish his identity, but they were unaware that drugs were located in the room until they smelled the odor of marijuana. Thus, the officers could not have known in advance that their conduct would precipitate an emergency involving the probable destruction of evidence.

## III.

Grissett also contends that the evidence was insufficient to establish that he

participated in the conspiracy. Upon reviewing the evidence, we hold that it was sufficient to support his conspiracy conviction.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.