**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**George RODGERS, Defendant–Appellee.**

**No. 90–7051.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 21, 1991.

---

Richard H. Loftin, Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellant.

T. Jefferson Deen, Mobile, Ala., for defendant-appellee.

Before JOHNSON and HATCHETT, Circuit Judges, and DYER, Senior Circuit Judge.

JOHNSON, Circuit Judge:

This case arises on appeal from the district court's granting of defendant's motion to suppress two handguns seized from his mobile home during his arrest.

## I. STATEMENT OF THE CASE

On January 14, 1989, two local police officers and three county sheriffs went to George Rodgers' trailer to serve him with a federal arrest warrant. Rodgers' trailer sits at the bottom of an incline at the end of a driveway. As he drove down the driveway, one of the police officers, Sergeant Ausby, was able to see Rodgers sitting on a couch through a window.

Rodgers saw the cars pull up to his trailer, so he went out into the yard to investigate. After showing Rodgers the warrant for his arrest, the officers arrested him. During the search incident to arrest, one of the officers found some cocaine wrapped in fourteen aluminum foil balls in Rodgers' shirt pocket. The officer also found some pistol ammunition in Rodgers' pants pocket. Rodgers was then handcuffed and placed in the back of a patrol car.

Sergeant Ausby then decided to close the front door to the trailer. When Sergeant Ausby approached the trailer, he noticed two handguns lying on the couch where Rodgers had been sitting. Ausby entered the trailer and seized the two handguns because he knew Rodgers was a convicted felon and was not allowed to possess firearms. Ausby did not otherwise search the trailer.

Later that day, after having obtained Rodgers' consent to search, the officers returned to the trailer. The officers found one of Rodgers' co-defendants asleep in the bedroom. They also found some marijuana

in individual packages appearing as though it was being readied for distribution.

A federal grand jury handed down a sixteen count indictment on January 10, 1989, naming Rodgers and five others for various offenses related to a drug-running conspiracy. Rodgers was named in three of the sixteen counts.[1] A jury trial was held on March 13, 1989, but the jury was unable to reach a verdict.

A superseding indictment was filed on April 5, 1989, realleging the conspiracy and possession of cocaine charges and adding three new counts,[2] including a firearms charge for the two pistols discovered by Sergeant Ausby.

On November 15, 1989, Rodgers filed a motion to suppress the evidence of the guns. On December 4, 1989, a suppression hearing was held and the motion was granted on December 18, 1989. On that same day, Rodgers pled guilty to the marijuana charge and the government moved to dismiss all of the other charges except the firearms charge.

The government brought this appeal of the district court's grant of the motion to suppress.

## II. ANALYSIS

Review of a district court's granting of a motion to suppress evidence is a mixed question of law and fact. *See United States v. Alexander,* 835 F.2d 1406, 1408 (11th Cir.1988). The district court's findings of fact are reviewed under the clearly erroneous standard, whereas its application of the law to those facts is subject to *de novo* review. *Id.* In reviewing the district court's ruling, this Court must construe the facts in the light most favorable to the party prevailing below, *i.e.,* in this case Rodgers. *United States v. Wilson,* 894 F.2d 1245, 1254 (11th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 3284, 111 L.Ed.2d 792 (1990).

■ We begin our analysis by noting that the court below found that Sergeant Ausby first noticed the guns when he was standing outside the house, as he was going to close the door. He had a right to stand where he was standing.[3] There are no allegations that Sergeant Ausby's stated intention of closing the door was pretext. Furthermore, the guns were in plain view. As the Supreme Court noted in *Arizona v. Hicks,* 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987), an inspection "that involves merely looking at what is already exposed to view, without disturbing it—is not a "search" for Fourth Amendment purposes, and therefore does not even require reasonable suspicion." *Id.* at 328, 107 S.Ct. at 1154.

■ Sergeant Ausby, however, not only looked into the trailer, he also entered it to seize the contraband. The plain view doctrine allows police officers to seize any contraband in plain view if the officers have a right of access to the place where the contraband is located. *G.M. Leasing Corp. v. United States,* 429 U.S. 338, 354, 97 S.Ct. 619, 629, 50 L.Ed.2d 530 (1977). The officers, therefore, can seize the contraband only if they can gain access to it under some prior Fourth Amendment justification. *Texas v. Brown,* 460 U.S. 730, 738, 103 S.Ct. 1535, 1541, 75 L.Ed.2d 502 (1983) (Rehnquist, J., plurality op.). We must therefore determine whether there is some Fourth Amendment justification permitting Sergeant Ausby to enter Rodgers' trailer and seize the guns.

1. Conspiracy to distribute cocaine in violation of 21 U.S.C.A. § 846; 18 U.S.C.A. § 2; possession of cocaine in violation of 21 U.S.C.A. § 841(a)(1); 18 U.S.C.A. § 2; and use of a communication facility to facilitate the commission of a felony in violation of 21 U.S.C.A. § 843(b).

2. Possession of crack cocaine in violation of 21 U.S.C.A. § 841(a)(1); possession of marijuana in violation of 21 U.S.C.A. § 841(a)(1); and possession of two firearms during a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1).

3. Ausby was standing on the pathway which led from the driveway to the front door. This pathway is not within the curtilage. *See Oliver v. United States,* 466 U.S. 170, 180, 104 S.Ct. 1735, 1742, 80 L.Ed.2d 214 (The curtilage is the area that harbors "the intimate activity associated with the 'sanctity of a man's [or woman's] home and privacy of life.' ") (quoting *Boyd v. United States,* 116 U.S. 616, 630, 6 S.Ct. 524, 532, 29 L.Ed. 746 (1886)).

### 1. *The Protective Sweep Exception*

■ The government claims that the entry of the trailer can be justified under the protective sweep exception to the warrant clause. The Supreme Court in *Maryland v. Buie*, — U.S. ——, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990), held that under certain circumstances a protective sweep does not violate the Fourth Amendment. A protective sweep "is a quick and limited search of a premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." *Id.* — U.S. at ——, 110 S.Ct. at 1094.

Sergeant Ausby entered the trailer, quickly picked up the guns, and left. He did not make any inspection of the rest of the premises, either cursory or thorough. He did not determine if a woman who was in the living room at the time posed a threat, and he did not discover Rodgers' co-defendant asleep in the back room. This was not merely a situation in which an officer conducted a poor protective sweep and failed to discover a hidden assailant. Rather, it simply was not a protective sweep.

The problem with the government's analysis is that the police officer did not enter the trailer because of a "reasonable belief based on 'specific and articulable facts ...' that the area swept harbored an individual posing a danger to the officer or others." *Id.* — U.S. at ——, 110 S.Ct. at 1094 (quoting *Michigan v. Long*, 463 U.S. 1032, 1049–1050, 103 S.Ct. 3469, 3481, 77 L.Ed.2d 1201 (1983)). The officer entered the trailer for the purpose of seizing contraband. After he made the seizure, he left. The government claims we are penalizing the officer for not intruding further into Rodgers' privacy by conducting a full inspection. The government, however, is mistaken. The government is not entitled to enter Rodgers' home absent an exception to the Fourth Amendment. *See Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The protective sweep exception clearly did not apply to these facts. The officer was therefore not entitled to make even this lesser intrusion into Rodgers' home and then apply the after-the-fact justification that he could have performed a protective sweep if he wanted, but did not.

### 2. *Exigent Circumstances*

■ To justify the warrantless entry of Ausby into the trailer under the exigent circumstances exception, the government needs to prove both the existence of probable cause and exigent circumstances.

■ There is no doubt that Ausby had probable cause to believe that firearms were in the trailer: Ausby saw the guns on the couch where Rodgers had been sitting only minutes before and he knew that it was illegal for Rodgers to possess firearms. This is obviously sufficient to establish probable cause. *See Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

■ The pivotal question is whether there existed exigent circumstances. This Circuit has held that the "presence of contraband without more does not give rise to exigent circumstances." *United States v. Torres*, 705 F.2d 1287, 1297 (11th Cir.), *vacated and remanded on other grounds*, 718 F.2d 998 (11th Cir.1983). Exigent circumstances may arise, however, when there is danger that the evidence will be destroyed or removed. *United States v. Burgos*, 720 F.2d 1520, 1526 (11th Cir. 1983). The test of whether exigent circumstances exist is an objective one. *United States v. Young*, 909 F.2d 442, 446 (11th Cir.1990). " '[T]he appropriate inquiry is whether the facts ... would lead a reasonable, experienced agent to believe that evidence might be destroyed [or removed] before a warrant could be secured.' " *Id.* (quoting *United States v. Rivera*, 825 F.2d 152, 156 (7th Cir.), *cert. denied*, 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987)).

The district court, however, dismissed the claimed exigent circumstances because, prior to the discovery of the firearms, the officers were not in a hurry to complete the arrests and they did not check the back door of the trailer to see if the woman in

the trailer was "attempting to escape or destroy evidence." It is wholly unclear how these facts, as articulated by the district court, relate to Sergeant Ausby's later discovery of the guns. While the officers may not have been acting as if there were exigent circumstances before they knew about the existence of the contraband, this fact does not preclude the emergence of exigent circumstances once the guns were observed in plain view.

The district court erred in two respects. First, and most importantly, the presence or absence of exigent circumstances must be examined as the circumstances arise. *See Cardwell v. Lewis,* 417 U.S. 583, 595, 94 S.Ct. 2464, 2471, 41 L.Ed.2d 325 (1974). In this case this point was the moment the police became aware of the contraband. The police actions prior to their actually knowing or suspecting that the contraband existed are not relevant. Second, as commanded by the panel opinion in *Young,* 909 F.2d at 446, the district court should examine the existence of exigent circumstances from an objective standpoint. In addition to focusing on Sergeant Ausby's reason for seizing the firearms, the Court should determine if this action was objectively reasonable. Specifically, in determining whether the exigent circumstances existed, the district court should have taken into account the following facts: the police knew there was at least one person other than Rodgers in the trailer; the handguns could easily be hidden or removed; and the people in the trailer were aware of the arrest of Rodgers. These facts, in our opinion, justify a finding of exigent circumstances. We therefore hold that the warrantless seizure was justified under the exigent circumstances exception to the Fourth Amendment warrant requirement.

### III. CONCLUSION

For the foregoing reasons, we RE-VERSE the district court and we hold that the evidence should not be suppressed.