**UNITED STATES of America,
Plaintiff–Appellant,**

**v.**

**Orville REED, a/k/a Sonny Reed,
Defendant–Appellee.**

**No. 90–5825.**

United States Court of Appeals,
Fourth Circuit.

Argued March 8, 1991.
Decided May 29, 1991.

Sanford Benjamin Bryant, Asst. U.S. Atty., Huntington, W.Va., argued (Michael W. Carey, U.S. Atty., John P. Rowley, III, Asst. U.S. Atty., Charleston, W.Va., on brief), for plaintiff-appellant.

Leonard A. Kaplan, Asst. Federal Public Defender, Charleston, W.Va., for defendant-appellee.

Before RUSSELL and CHAPMAN, Circuit Judges, and DUPREE, Senior District Judge for the Eastern District of North Carolina, sitting by designation.

PER CURIAM:

The government appeals the district court's decision to suppress evidence of a sawed-off shotgun in criminal proceedings against appellee Orville Reed for charges of unlawful manufacture and possession of the illegal weapon. The district court granted Reed's motion to suppress evidence of the shotgun on the grounds that the warrantless seizure of the weapon from his residence violated the Fourth Amendment. Finding that exigent circumstances justified the seizure of the sawed-off shotgun, we vacate and remand.

I.

The seizure of the sawed-off shotgun resulted from an investigation by West Virginia state troopers Lee Ayers and Ron Jones into allegations that Reed had sexually abused and battered his young children. On the afternoon of September 13, 1990, the officers went to talk to Reed at his mobile home. They did not obtain a warrant since no arrest was planned at that time. They were aware that Reed had in the past been arrested for offenses ranging from assault to brandishing weapons and had been advised by other state troopers that Reed was known to carry firearms.

Arriving at Reed's mobile home, the officers found the door more than half open and were able to see inside to observe a man sleeping on the couch with a sawed-off shotgun resting on the wall approximately eighteen inches from his feet. They did not know who the person was or whether others were in the trailer. Neither the troopers' announcement of their presence nor the sound of a stereo inside the trailer caused any response from the individual on the couch. Ayers alerted Jones about the presence of the sawed-off shotgun, possession of which both officers knew to be a federal crime, see 26 U.S.C. § 5861(d), and the officers entered the trailer and seized the weapon.

It was later learned that the person sleeping on the couch was another individual whom the police wanted to question, Charlie Bowers. Reed arrived home about five minutes later, armed with a .357 revolver, but offered no resistance and admitted that the shotgun belonged to him. Reed was not arrested at the time, but was subsequently indicted for manufacture and possession of the illegal firearm.

II.

The dispute on appeal centers on whether the district court properly found that the government had failed to show the presence of exigent circumstances justifying the warrantless seizure. The district court's finding must be sustained unless it is clearly erroneous. *United States v. Turner*, 650 F.2d 526, 528 (4th Cir.1981).

The general factors relevant to a determination of the existence of exigent circumstances include:

(1) the degree of urgency involved and the amount of time necessary to obtain a warrant; (2) the officers' reasonable belief that the contraband is about to be removed or destroyed; (3) the possibility of danger to police guarding the site; (4) information indicating the possessors of the contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband.

*Id.* at 528. However, there is no precise formula since emergency circumstances will vary from case to case and the inherent necessities of each situation must be scrutinized. *Id.*

■ Previously, in an opinion that did not specifically address the existence of exigent circumstances, this circuit recognized that a sawed-off shotgun can present "an ominous threat in and [of] itself." *United States v. Ramapuram,* 632 F.2d 1149, 1153 (4th Cir.1980), *cert. denied,* 450 U.S. 1030, 101 S.Ct. 1739, 68 L.Ed.2d 225 (1981). This view is in accord with other circuits that have found the presence of guns to justify searches and seizures on the basis of exigent circumstances. *See United States v. Rodgers,* 924 F.2d 219, 222–23 (11th Cir.1991) (exigent circumstances arose when police saw lying on a couch two handguns that suspect, a convicted felon, was not allowed to possess); *United States v. Lindsey,* 877 F.2d 777, 780–82 (9th Cir.1989) (information about presence of guns and bombs justified warrantless entry); *United States v. Hill,* 730 F.2d 1163, 1170 (8th Cir.), *cert. denied,* 469 U.S. 884, 105 S.Ct. 255, 83 L.Ed.2d 192 (1984) (entry justified by officer's observation through a sliding glass door of a pistol on a bookcase); *United States v. McKinney,* 477 F.2d 1184, 1186 (D.C.Cir.1973) (sawed-off shotgun lying on night table in hotel room was exigent circumstance justifying warrantless entry and seizure). Sawed-off shotguns cannot be used against game or wild animals and their only known uses are to frighten or kill human beings. The presence of such a weapon in plain view and in close proximity to at least one other person could have constituted a threat to the personal safety of the officers justifying the warrantless seizure. *Minnesota v. Olson,* —— U.S. ——, 110 S.Ct. 1684, 1690, 109 L.Ed.2d 85 (1990); *United States v. Dart,* 747 F.2d 263, 267 (4th Cir.1984).

■ The district court found that the troopers could not have formed a reasonable belief that the shotgun was about to be moved or destroyed. We disagree. Exigent circumstances can arise when evidence might be destroyed before a search warrant could be obtained and police need not produce concrete proof that the evidence was on the verge of destruction. *United States v. Grissett,* 925 F.2d 776, 778 (4th Cir.1991). Instead, "the proper inquiry focuses on what an objective officer could reasonably believe." *Id.* While a sawed-off shotgun is less immediately disposable than certain other contraband such as illegal drugs, the officers could have reasonably believed that the sawed-off shotgun would have been hidden or removed if they had delayed the seizure until a warrant was obtained. *United States v. Rodgers,* 924 F.2d at 223.

■ The existence of exigent circumstances must be determined as of the moment of the warrantless entry of the officers onto the premises of appellee. *Arkansas v. Sanders,* 442 U.S. 753, 763, 99 S.Ct. 2586, 2592, 61 L.Ed.2d 235 (1979). Courts should consider "[t]he appearance of the scene of the search in the circumstances presented as it would appear to reasonable and prudent men standing in the shoes of the officers." *United States v. Wysocki,* 457 F.2d 1155, 1160 (5th Cir.), *cert. denied,* 409 U.S. 859, 93 S.Ct. 145, 34 L.Ed.2d 105 (1972). *See also United States v. Socey,* 846 F.2d 1439, 1446 (D.C.Cir.), *cert. denied,* 488 U.S. 858, 109 S.Ct. 152, 102 L.Ed.2d 123 (1988). Standing at the threshold of Reed's home and uncertain about how many persons were present in the trailer, the officers in this case were faced with an inherently dangerous illegal weapon that could have easily been removed or hidden, or possibly used against them. Viewing the situation in its totality, the troopers could have reasonably found exigent circumstances justifying seizure of the sawed-off shotgun.

### III.

For the foregoing reasons, the ruling of the district court suppressing evidence of the sawed-off shotgun is vacated and the action is remanded for further proceedings.

VACATED AND REMANDED.