993 F.2d 229
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Davis Covel MITCHELL, Defendant-Appellant.
 No. 92-5604.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 2, 1993
Decided: May 7, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., Chief District Judge. (CR-92-68-WS)
 Anthony Wayne Harrison, Sr., Harrison, North, Cooke & Landreth, Greensboro, North Carolina, for Appellant.
 Robert Michael Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Robert H. Edmunds, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HAMILTON, Circuit Judge, CHAPMAN, Senior Circuit Judge, and FABER, United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 This appeal presents the single issue of whether the district court erred in failing to suppress the warrantless search of and the seizure of certain evidence from appellant's hotel room in the Comfort Inn, Mt. Airy, North Carolina. We find exigent circumstances justified the entry and the search, so we affirm.
 
 
 2
 Uniformed city police officer Jeffrey Haynes was on routine patrol on November 2, 1991, when he was dispatched, shortly after noon, to the Comfort Inn as a result of a call from the hotel staff. At the hotel he was advised by the desk clerk that the occupants of Room 144 had remained in the room past normal checkout. The officer also had information that there were possibly illegal drugs in the room. Officer Haynes, with another police officer, went to Room 144, knocked on the door, and identified themselves as police officers. The defendant Mitchell opened the door while dressed in blue jeans without a shirt. Officer Haynes immediately observed white powder around Mitchell's nostrils, and the officer could see into the room and noticed white powder on a coffee table and carpet together with a set of scales. There was a Smith & Wesson gun box on the sofa. Based upon his training and experience of more than five years as a police officer, Haynes believed the white powder to be cocaine, and the scales to be of the type used to weigh illegal drugs.
 
 
 3
 Officer Haynes asked Mitchell for some type of identification, and Mitchell turned in the direction of the sofa where the gun box was located. The officers entered the room and took control of the gun for the protection of their safety. Other police officers soon arrived and a field test indicated the powder to be cocaine. Mitchell and his wife were placed under arrest and a search instant to this arrest produced a bag of white powder which was identified as 51.2 grams of cocaine. Also found was $2,900 in currency on Mitchell's person.
 
 
 4
 Mitchell filed an unsuccessful motion to suppress the evidence, and then entered a conditional plea of guilty to possession with intent to distribute cocaine. He went to trial on a count charging violation of 18 U.S.C. § 924(c)(1) for carrying or using a firearm during or in relation to a drug trafficking offense, and he was convicted by the jury.
 
 
 5
 Mitchell argues that the entry, the search, and the subsequent seizure, which led to his arrest, were all unsupported by a proper warrant and that such actions violated his Fourth Amendment right to be secure from unreasonable searches and seizures. He claims that there was no constitutional justification for the officers' actions under Horton v. California, 496 U.S. 128 (1990). Horton held that in order for a warrantless seizure of an object in plain view to be valid, three conditions must be satisfied. First, the officer, in arriving at the place from which the object could be plainly viewed, did not violate the Fourth Amendment; second, the object's incriminating character must be "immediately apparent;" and third, the officer must have a lawful right of access to the object itself. Mitchell argues that Officer Haynes' appearance at his door was nothing but an exploratory expedition to obtain incriminating evidence against him, and that prior to the knock on the door the officer had no information that would justify the issuance of a warrant. Next, he argues that the observation of the gun box and the scales did not indicate illegal activity because the scales were the sort used in amateur gun reloading and there was a box marked "ammo reload" nearby. He also claims that the white powder was not unique and powder in a hotel room does not raise a suspicion. He further argues that the officer did not have a lawful right of access to enter the room and seize the handgun or the cocaine.
 
 
 6
 These arguments are unavailing. Horton clearly holds that plain view searches need not be inadvertent as long as the officer viewed the evidence from a place where he was lawfully authorized to be. Officer Haynes was in a public hallway, he was pursuing an investigation requested by the hotel staff, and he did not order or demand Mitchell to open the door. Therefore, the first condition of Horton is met.
 
 
 7
 Although white powder on a hotel coffee table might not be immediately apparent as incriminating, white powder around Mitchell's nostrils, the usual point of entry of cocaine into the body, together with the scales, white powder on the coffee table and carpet, and the Smith & Wesson gun box support a finding that the incriminating character of these items was "immediately apparent." In United States v. White, 875 F.2d 427 (4th Cir. 1989), we held that firearms are the tools of the illegal drug trade. It is common knowledge that scales capable of weighing very light elements are often found where narcotics are being distributed.
 
 
 8
 With the information available to the officers from their legal observations, exigent circumstances supported their entry into the room once the defendant moved from the door and in the direction of the gun box. Any delay could have endangered the lives of the officers, and leaving the scene to secure a search warrant could have resulted in flight by the suspects and destruction of the evidence. Exigent circumstances are evaluated in terms of what a reasonable police officer would believe at the time. United States v. Reed, 935 F.2d 641 (4th Cir.), cert. denied, 112 S. Ct. 423 (1991). These circumstances justified the officer's access to the weapon.
 
 
 9
 Although Mitchell claims the officers created the exigency, the trial court concluded that this was not the case, and we agree. Once the defendant opened the door and was asked for identification, he could very easily have produced his wallet or some identification from his trousers. The officers did not knowingly create a situation requiring the defendant to move towards the gun box. When Mitchell made such a move, the officer was entitled to protect himself and his partner.
 
 
 10
 There was probable cause to arrest appellant after the cocaine was identified and the search incident to his arrest was justified. This search produced the other items which were properly admitted into evidence at his trial.
 
 AFFIRMED