UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4469

CARL M. WHITE,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4497

ANGELA R. GRANT,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-95-32)

Submitted: March 10, 1998

Decided: March 27, 1998

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia; Jac-

queline A. Hallinan, Charleston, West Virginia, for Appellants. Rebecca A. Betts, United States Attorney, Miller A. Bushong III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carl M. White pled guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (1994), and was sentenced to serve forty-six months' imprisonment. Angela R. Grant pled guilty to aiding and abetting the possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) (1994) and 18 U.S.C. § 2 (1994), and was sentenced to a forty-one month term of imprisonment. Both Appellants now appeal the district court's denial of their motion to suppress the evidence seized from their motel room, which police officers entered without a search warrant to arrest a third party. For the following reasons, we find that the evidence was not obtained in violation of Appellants' Fourth Amendment rights and that the district court properly denied Appellants' motion to suppress. Accordingly, we affirm their convictions and sentences.

On March 2, 1995, Sergeant Robert Copley, an officer with the Huntington, West Virginia, Federal Drug Task Force, received information that a suspected drug group had checked into Room 244 of a local Econo Lodge motel, using the name Angela Grant. Copley discovered that the Michigan identification in Grant's name used for registration purposes lacked authenticity. The informant, an employee at the motel, called again and informed Copley that the occupants of "the Grant room" had requested a taxi cab to the local bus station.

As Copley and Sergeant Gary Akers, another member of the Task Force, conducted surveillance of the bus station, they noticed Teesa

2

Brown get out of a taxi that was also occupied by a small-framed female--later identified as Grant--and enter the bus station. Copley knew that Brown frequently associated with out-of-town drug dealers and that she was scheduled to serve as a government witness in an upcoming drug trial. The officers attempted to follow Brown but lost her in traffic after she left the bus station.

Around midnight that night, Copley observed Brown in the parking lot of the same Econo Lodge motel. When he motioned for her to approach, she ran toward the motel. Copley contacted Sergeant Adkins of the Task Force and requested his assistance in speaking with Brown. Adkins then informed Copley of an outstanding 1993 arrest warrant for Brown's failure to appear on a shoplifting charge. Within the hour, Adkins and four uniformed officers arrived at the motel with an arrest warrant for Brown.

Copley did not see the specific room that Brown ran toward, but with Brown's history of associating with drug dealers and a suspected drug group registered in Room 244, all six officers approached Room 244. In response to the officers' knocking, Brown pulled back the curtain, making eye contact with Copley through the window. The officers informed Brown that they had a warrant for her arrest. Immediately after Brown opened the door, the officers detected a strong odor of marijuana and observed a cloud of marijuana smoke lingering in the air. The officers entered the room and arrested Brown.

As a safety measure, the officers secured the other three occupants of the room, the Appellants and a juvenile male. A bag of marijuana was in plain view on the dresser. During the pat-down search of the juvenile, a plastic bag of what appeared to be crack cocaine fell from the leg of his pants. The officers requested Grant's permission to search the motel room. Upon her refusal, the officers detained Brown, the Appellants, and the juvenile while Copley obtained a search warrant. Copley returned at approximately 2:00 a.m. with a search warrant. The officers recovered approximately thirty-four grams of cocaine base and $1806 in cash. The officers arrested Appellants and informed them of their Miranda[1] rights. Grant refused to give the offi-

_____

1 **Miranda v. Arizona**, 384 U.S. 436 (1966).

cers a statement; however, White admitted bringing one ounce of crack cocaine into the state from Michigan.

Prior to entering their guilty pleas, the Appellants moved to suppress the drugs and cash obtained from their motel room. Because the officers knew that the motel room was registered to someone other than Brown, the Appellants argued that the arrest warrant for Brown was insufficient to justify the officers' entry into their motel room. After a hearing, the district court denied Appellants' motion.

On appeal, the Appellants contend that the evidence against them was obtained in violation of their Fourth Amendment rights and should have been suppressed. Absent clear error, we will not disturb a district court's factual findings made when ruling upon a motion to suppress.[2] We review de novo the suppression decision.[3]

The record supports the district court's factual findings that the officers did not conduct a search except to secure the room and that, prior to obtaining the search warrant, the officers did not disturb anything that was not in plain sight. However, after conducting a de novo review of the district court's legal conclusions, we find that the arrest warrant for Brown, alone, was not sufficient authority to justify the officers' entry into Appellants' motel room.[4] But based on the exigent circumstances exception to warrantless entries, we find that the evidence was not obtained in violation of Appellants' Fourth Amendment rights and was properly admitted by the district court.

Exigent circumstances exist when there is probable cause to believe that contraband is present and an officer reasonably believes that the evidence might be destroyed before he can return with a warrant.[5]

_____

**2** **See United States v. Rusher**, 966 F.2d 868, 873 (4th Cir. 1992).
**3** **Id.**
**4** **See Steagald v. United States** , 451 U.S. 204, 214-16; see generally Wallace v. King, 650 F.2d 529, 531 (4th Cir. 1981).
**5** **See United States v. Grissett** , 925 F.2d 776, 778 (4th Cir. 1991) (noting that officers need not produce concrete proof that the occupants of the room were on the verge of destroying evidence to establish exigent circumstances); United States v. Turner, 650 F.2d 526, 528 (4th Cir. 1981) (noting that exigent circumstances exist when evidence might be destroyed before a search warrant can be obtained).

4

We have previously stated, "[t]he existence of exigent circumstances must be determined as of the moment of the warrantless entry of the officers onto the premises of [Appellants]."**6** Important factors relevant to the degree of exigency present include:

> (1) the degree of urgency involved and the amount of time necessary to obtain a warrant; (2) the officers' reasonable belief that the contraband is about to be removed or destroyed; (3) the possibility of danger to police guarding the site; (4) information indicating the possessors of the contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband. **7**

It is not necessary for us to consider whether any of the factors listed is sufficient, standing alone, to justify a warrantless entry. The exigency of the circumstances must be judged in light of all relevant factors.

We find that exigent circumstances confronted the officers. When Copley and the other officers knocked on the door of the Appellants' room and announced their intentions, and when Brown pulled back the curtain making eye contact with the officers, everyone in that room was aware that law enforcement officials were on the other side of the door. And once Brown opened the door to the Appellants' room, the officers were immediately confronted with evidence of illegal activity--the consumption of marijuana--being conducted within the room. And since the officers had identified themselves prior to smelling the marijuana, if they had left the scene to then obtain the necessary search warrant, without first securing the room and its occupants, it is reasonable to believe that, based upon the ready destructibility of marijuana, the contraband would have been destroyed before their return with the warrant.

Weighing all these considerations, we find that the exigency of the circumstances confronting the officers was sufficient to justify their

_____

**6 United States v. Reed**, 935 F.2d 641, 643 (4th Cir. 1991) (citing Arkansas v. Sanders, 442 U.S. 753, 763 (1979)).

**7 Reed**, 935 F.2d at 642 (citing Turner, 650 F.2d at 528).

5

entry into Appellants' motel room without a search warrant. Accordingly, we affirm Appellants' convictions and sentences. We deny as moot Appellants' motions to expedite and to assign the appeal to a panel for disposition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6