UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4669

DAVID M. BLACK,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-94-53)

Submitted: June 9, 1998

Decided: July 22, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edward H. Childress, Charlottesville, Virginia, for Appellant. Robert
P. Crouch, Jr., United States Attorney, Jean B. Hudson, Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David M. Black pleaded guilty to manufacturing with intent to distribute marijuana, reserving the right to appeal from the district court's denial of his motion to suppress evidence seized from his home. Black contends that the police lacked the requisite exigent circumstances to enter his house without a warrant and that he did not voluntarily consent to the search of his basement. He asks this court to set aside his conviction and to direct the district court to grant the motion to suppress evidence and allow him to withdraw his guilty plea. We affirm.

On February 1, 1994, Deputy Frazier and Deputy Shifflett of the Culpeper County Sheriff's Department responded to a dispatcher's call reporting a domestic situation involving weapons. Upon arriving, Black met the officers in the front yard. He identified himself and assured the officers that everything was under control and that the officers could leave.

Frazier proceeded up to the porch, while Shifflett remained on the lawn with Black. When Frazier got to the door, it was slightly open. He called out the name of the person who had called the police, got no response, and then looked through the door and saw a woman sitting at a table just inside the door. Frazier announced his presence, identified himself, and pushed the door open. The woman then answered that she had called the police.

Frazier asked the woman where the weapons were. The woman did not answer verbally, but rather kept indicating with her head and eyes in the direction of the hallway. The woman gave a similar response to questions regarding other persons in the house. Frazier proceeded down the hallway to conduct a security search of the house. After contacting Shifflett on the radio, Frazier learned that Black stated the weapons were in the rear bedroom at the end of the hallway.

Frazier located a shotgun and a handgun in that bedroom, along with a garbage bag full of marijuana. Another officer, Deputy Mack,

2

arrived and assisted Frazier with the security search during which more marijuana was located. At the conclusion of the search, Black was informed of his rights and arrested.

The woman then told Black to tell the officers about the basement. Black told Frazier the door was locked. Frazier said that they could open locked doors. Black then produced a key and eventually opened the door himself. In the basement, the officers discovered a substantial marijuana growing operation.

The first dispute on appeal centers on whether the district court properly found the presence of sufficient exigent circumstances to justify the warrantless entry into Black's home. The district court's finding must be sustained unless clearly erroneous. See United States v. Reed, 935 F.2d 641, 642 (4th Cir. 1991). The general factors relevant to a determination of the existence of exigent circumstances include the degree of urgency involved, the amount of time needed to obtain a warrant, the officers' reasonable belief that contraband is about to be removed or destroyed, the possibility of danger to the officers, and information indicating that the possessors of the contraband are aware that the police are on their trail. However, there is no precise formula, since emergency circumstances will vary from case to case and the inherent necessities of each situation must be scrutinized. See id.

We find that the police reasonably believed that Black possessed weapons in his home.* The police were thus justifiably concerned about the presence of firearms in a residence where an altercation had taken place, especially since the woman who had called the police was nervous and unresponsive. In addition, the officers needed to ascertain that the woman was unharmed and in no further danger, and an officer may enter a residence without a warrant to render emer-

_____

*On appeal, Black alludes to the lack of evidence supporting the finding that the initial police call reported a domestic dispute with weapons. However, this hearsay evidence was admitted without objection at the hearing, and the officers also testified that they believed the call reported weapons. Therefore, whether the original call reported weapons or not, the officers, found credible by the district court, possessed a reasonable belief that weapons were present.

3

gency aid and assistance to a person they reasonably believe to be in distress. See Tierney v. Davidson, 133 F.3d 189, 197 (2d Cir. 1998). Quick action was necessary, both to protect and aid the woman and to protect the officers themselves. Accordingly, the initial entry was lawful. See United States v. Presler, 610 F.2d 1206, 1211 (4th Cir. 1979) (warrantless entry upheld where officers entered premises to determine whether anyone needed immediate aid).

Black next contends that even if exigencies existed permitting the officers' initial entry, circumstances did not support the warrantless search of the bedroom. We disagree. Frazier reasonably believed that the woman was indicating the presence of weapons and other persons in the house. She was frightened and nervous. In addition, Black admitted that there were firearms on the premises and stated that they were in the back bedroom. Standing in Black's home, uncertain about how many persons were present, Frazier was faced with the presence of firearms that could have easily been removed or hidden, or possibly used against him or someone else. Viewing the situation in its totality, the district court's determination that exigent circumstances justified the search of the bedroom was not clearly erroneous. See United States v. James, 40 F.3d 850, 862-63 (7th Cir. 1994) (upholding warrantless search for guns where officer could not be certain that all occupants of residence had been located), modified by, 79 F.3d 553 (7th Cir. 1994).

Finally, Black asserts that he did not consent to the officers' search of his basement. Whether consent to search was voluntarily given is a question of fact and the district court's conclusion will not be reversed unless clearly erroneous. Whether consent was voluntary or coerced is determined from the totality of the circumstances surrounding the giving of consent. See United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996).

Black maintains that his consent was coerced by Frazier's statement that the officers could unlock doors. The court found that, while Frazier's statement was somewhat coercive, Black still voluntarily consented to the search. Black opened the door himself; Frazier did not threaten him; and we agree that the atmosphere was not so highly coercive that Black's free will was overcome. We conclude that

4

Black's consent was freely given and the search pursuant to that consent was proper.

Having concluded that the warrantless entry and search were lawful and that Black validly consented to the search of the basement, Black's conviction is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5