**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Twan J. JAMES, Ernest Parker, Reginald G. Allison, Yvonne R. Ferguson, and Walter L. Williams, Defendants–Appellants.**

Nos. 93–1708, 93–1724, 93–1798, 93–1855, and 93–1954.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 6, 1993.

Decided Nov. 1, 1994.

On Remand from the Supreme Court of the United States Dec. 13, 1995.

Decided March 27, 1996.

Chris R. Larsen (submitted), Rodney Cubbie, Office of U.S. Atty., Milwaukee, WI, for U.S.

David E. Lowe, Hachey & Lowe, Milwaukee, WI, for Twan J. James.

Glen B. Kulkoski, Carr, Kulkoski & Carr, New Berlin, WI, for Ernest Parker.

Christopher Lowe, Milwaukee, WI, for Reginald G. Allison.

Thomas M. Croke, Brookfield, WI, for Yvonne R. Ferguson.

Charles W. Jones, Jr., Michael A. Yamat, Jones & Associates, Milwaukee, WI, for Walter L. Williams.

Before KANNE and ROVNER, Circuit Judges, and CURTIN, District Judge.*

ILANA DIAMOND ROVNER, Circuit Judge.

The Supreme Court has vacated our prior judgment in one of the above-captioned consolidated cases, No. 93–1708, *United States v. James,* 40 F.3d 850 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 948, 130 L.Ed.2d 891, *and cert. denied,* —— U.S. ——, 115 S.Ct. 948, 130 L.Ed.2d 891 (1995), involving the appeal of Twan J. James. The Court remanded that case for further consideration in light of *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Both the government and James agree that the case should be remanded to the district court for further proceedings in accordance with *Bailey.*

In upholding James' conviction for using or carrying a firearm during and in relation to the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), we applied the then-existing law in this Circuit— that evidence that a firearm was within the possession or control of a coconspirator during the commission of a drug trafficking crime, or that a firearm was kept in strategic proximity to narcotics destined for distribution, was sufficient to allow a jury to conclude

* The Honorable John T. Curtin, of the Western District of New York, sitting by designation.

that the defendant had violated the "use" prong of § 924(c)(1). *James,* 40 F.3d at 860–61.

Subsequent to our decision, the Supreme Court clarified what evidence is necessary to support a conviction for "use" of a firearm under § 924(c)(1). In *Bailey,* the Court held that § 924(c)(1) "requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." —— U.S. at ——, 116 S.Ct. at 505 (emphasis in original). The Court further explained that mere possession of a firearm with the intent to use it was insufficient to prove active employment of the weapon, *id.* at ——, 116 S.Ct., at 506, even if its close proximity were to "embolden" its owner in his drug trafficking endeavors, *id.* at ——, 116 S.Ct., at 508. By contrast, "use" of a firearm may include "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Id.* Moreover, "a reference to a firearm calculated to bring about a change in the circumstances of the predicate [drug trafficking] offense is a 'use,' just as the silent but obvious and forceful presence of a gun on a table can be a 'use.'" *Id.*

In his appeal, James asserted that the evidence linking him to the "AG" .25 caliber pistol retrieved from his bedroom on August 18, 1992, was insufficient to sustain his conviction for Count 17 of the indictment, which charged James with using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). *James,* 40 F.3d at 860. This firearm was merely found in James' bedroom in close proximity to other evidence of drug trafficking, *id.* at 861, and thus was not being actively employed within the meaning of section 924(c)(1) at the time it was recovered. *See Bailey,* —— U.S. at ——, ——, 116 S.Ct. at 508–09. Because the government did not produce any evidence

of a "use" under *Bailey,* the evidence was necessarily insufficient to support the section 924(c)(1) conviction. Accordingly, we MODIFY our conclusion in *James,* 40 F.3d at 879, as follows: We AFFIRM James' convictions, with the exception of his conviction for Count 17, use of a firearm in relation to a drug trafficking crime in violation of § 924(c)(1). James' conviction for Count 17 is REVERSED, his sentence is VACATED, and this case is REMANDED to the district court for further proceedings consistent with this opinion.