97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry JACKSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1905.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 6, 1996.
Decided Sept. 26, 1996.
 
 Before BAUER, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In 1992, Larry Jackson pleaded guilty to and was convicted of one count of conspiracy with intent to distribute cocaine and one count of using or carrying a firearm in relation to a drug trafficking crime, the latter in violation of 18 U.S.C. § 924(c)(1). The court sentenced him to 36 months on the cocaine conspiracy and to 60 months (consecutive to the first sentence) on the firearm count. He voluntarily dismissed his direct appeal, but in 1996 he brought the present motion under 28 U.S.C. § 2255 for post-conviction relief. He limits his attack to the firearms conviction, which he claims must be vacated in light of the decision in Bailey v. United States, 116 S.Ct. 501 (1995). Because the facts supporting his guilty plea would constitute "use" of a firearm in connection with a drug offense under Bailey, we affirm the district court's decision denying the motion.
 
 
 2
 Jackson initially pleaded not guilty, but he changed his plea to guilty after reaching a plea agreement with the Government. At the change of plea hearing, the Government made an offer of proof to show what evidence the United States would have presented at trial, which the district court reviewed at the § 2255 hearing. To support the firearm charge, the Government was prepared to show that co-conspirator Percy Lee had, in a manner foreseeable to Jackson, used guns in furtherance of the conspiracy and bought firearms for the conspiracy. Another co-conspirator, Bennie Lee, was prepared to testify that he observed Jackson and yet another co-conspirator dividing approximately one kilogram of cocaine into smaller quantities, with firearms present next to the cocaine. Finally, witness Sherry Williamson was prepared to testify that she was with Jackson and two co-conspirators in the basement of a house used for the activities of the conspiracy on February 2, 1991. The three were counting what she estimated to be $20,000 in cash, with guns present and visible. Williamson stated that when they were finished counting the money, they hid the guns above the ceiling panels in the room (where they were later found by law enforcement officials who searched the house). Although we do not have the original sentencing transcript--a significant oversight on the Government's part--the court stated at the § 2255 hearing that Jackson was asked on the record whether the summary that the government had provided was accurate, and Jackson responded yes. Jackson concedes that this was the case in his brief in this Court. After noting that Bailey had changed the law, to restrict the concept of "use" to active employment of a firearm, the court concluded that the facts to which Jackson agreed satisfied the new standards of Bailey and denied the petition.
 
 
 3
 As this Court has noted in numerous cases, Bailey changed the understanding of § 924(c) that had prevailed here. See, e.g., United States v. Hightower, No. 95-2327, 1996 WL 497042, at * 3 (7th Cir., Sept. 3, 1996); United States v. Thomas, 86 F.3d 647, 650-51 (7th Cir.1996); United States v. James, 79 F.3d 553 (7th Cir.1996); United States v. Baker, 78 F.3d 1241, 1246 (7th Cir.1996). Under Bailey, it is not enough that a firearm is nearby for the protection of the drugs, related paraphernalia, or proceeds, or that it is concealed but ready for a confrontation. See United States v. Abdul, 75 F.3d 327, 330 (7th Cir.), cert. denied, 116 S.Ct. 2569 (1996). Instead, the term "use" in § 924(c)(1) connotes active employment of the firearm during the commission of the crime. Bailey, 116 S.Ct. at 507. The Court gave several illustrations of activities that fall within the "use" part of the statute:
 
 
 4
 The active-employment understanding of "use" certainly includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. We note that this reading compels the conclusion that even an offender's reference to a firearm in his possession could satisfy § 924(c)(1). Thus, a reference to a firearm calculated to bring about a change in the circumstances of the predicate offense is a "use," just as the silent but obvious and forceful presence of a gun on a table can be a "use."
 
 
 5
 Id. at 508. The Court also emphasized that in many cases that had charged the defendant with both using and carrying a firearm, the "carry" part of the statute would still be satisfied. In some post-Bailey cases, we have sustained convictions where the record clearly showed "carrying" within the statute, even though it would not have satisfied Bailey 's criteria for "use." See, e.g., Baker, 78 F.3d 1241; United States v. Gonzales, 93 F.3d 311, 320-22 (7th Cir.1996) (collecting cases).
 
 
 6
 On the surface, this case is complicated by two factors: it comes to us from a plea of guilty, and it is a petition for post-conviction relief under § 2255 rather than a direct criminal appeal. We need not decide, however, whether § 2255 relief is available to a defendant who pleaded guilty to agreed facts that we now know do not constitute an offense under § 924(c)(1), on the theory that there has been a fundamental defect that inherently results in a complete miscarriage of justice. See United States v. Davis, 417 U.S. 333, 346 (1974). We also have no need to decide, as the Government urges us, whether Jackson waived his right to challenge the factual basis of his plea under principles analogous to those used in the double jeopardy context. See United States v. Broce, 488 U.S. 563 (1989). In this case, we may accept the factual basis for the guilty plea to which Jackson agreed at his change of plea hearing.
 
 
 7
 Those facts show that on two occasions firearms were out on the table next to the drugs (the first time) or the proceeds of the conspiracy (the second time). This at least qualified as "displaying" the firearm, and it appears to fit closely with the Supreme Court's example of active use through the "silent but obvious and forceful presence of a gun on a table" while activities of the drug conspiracy were ongoing. The Government also argues that Pinkerton liability for active use is apparent on these facts, on the basis of co-conspirator Percy Lee's activities. See Pinkerton v. United States, 328 U.S. 640 (1946). On the minimal record before us, we are less confident that the facts to which Jackson admits sufficiently show that Percy Lee's activities were in furtherance of the conspiracy and reasonably foreseeable to Jackson. We therefore do not rely on that theory. On the second occasion, when Williamson observed the guns on the table as Jackson and two others counted the $20,000, she also saw them pick up the guns and stash them in the ceiling when they were finished with their task. Because this shows that the guns were used "during and in relation to" the drug crime, it is enough on its own to show that Jackson violated the "carrying" aspect of § 924(c)(1). See Baker, supra; United States v. Giraldo, 80 F.3d 667, 678 (2d Cir.1996).
 
 
 8
 This is not a case where the facts supporting a plea agreement fail Bailey 's test, or where the petitioner is seeking to withdraw the plea agreement for some other fundamental procedural defect. On this record, the district court correctly denied Jackson's motion under § 2255 to withdraw his guilty plea. The judgment is accordingly AFFIRMED.