943 F.2d 50
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roland Patrick COBBINS, Defendant-Appellant.
 No. 90-5409.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 1, 1991.
Decided Aug. 30, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CR-90-129-WS)
 Lawrence Jay Fine, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Roland Patrick Cobbins appeals from a jury verdict which found him guilty of possession of multiple firearms during and in relation to a drug trafficking crime in violation of 21 U.S.C. § 841(a)(1). He received a sentence of three years imprisonment. For the reasons enumerated below, we affirm the conviction.
 
 
 2
 Police officers had begun surveillance of an apartment where they believed Cobbins lived in order to serve him with outstanding warrants for assault. They observed Cobbins exit and later return to the apartment. Shortly after Cobbins's return, the police observed another man enter the apartment with a child. The police knocked on the apartment door and arrested Cobbins when he answered. They immediately pulled Cobbins outside the apartment, forced him to his knees, and handcuffed him. An officer then conducted a "protective sweep" of the apartment.
 
 
 3
 During the sweep, the officer observed plastic bags with white powder residue and other drug paraphernalia in plain view. The officer obtained a search warrant and, upon his return to execute the warrant, discovered drug paraphernalia, a small amount of cocaine, a large amount of cash, and numerous firearms in the apartment. The police officer also found various personal effects belonging to Cobbins in the apartment, including a photograph of him with a gun lying on a pile of money, and photographs of him displaying and counting a large amount of cash. Cobbins possessed a key to the apartment when he was arrested and requested that the other man in the apartment "Lock up my door."
 
 
 4
 The defense moved to suppress evidence obtained as a result of the sweep. Once the defense established that Cobbins was a resident of the apartment and possessed standing to object to the search, they argued that the search was unconstitutional because the protective sweep was unnecessary. The defense asserted that there was no eminent threat to police in the apartment. The court denied the motion to suppress.
 
 
 5
 In Maryland v. Buie, 494 U.S. 325, 58 U.S.L.W. 4281 (1990), the Supreme Court held that incident to the arrest of a person in a dwelling, the police may look in closets and other spaces immediately adjoining the place of arrest from which an attack could be launched. Such a protective sweep is not a full search of the premises, but may extend only to a cursory inspection of those spaces where a person may be found. Id. at ----, 58 U.S.L.W. at 4283. The sweep lasts no longer than is necessary to dispel the reasonable suspicion of danger and, in any event, no longer than it takes to complete the arrest and depart the premises. Id. The Court noted that the sweep contemplated by Buie may be conducted "when justified by a reasonable, articulable suspicion that the house is harboring a person posing a danger to those on the arrest scene." Id. at ----, 58 U.S.L.W. at 4284. This circuit has upheld protective sweep searches when necessary to protect the safety of the arresting police officers. See United States v. Bernard, 757 F.2d 1439 (4th Cir.1985); United States v. Baker, 577 F.2d 1147 (4th Cir.1978).
 
 
 6
 The district court found from the testimony of the arresting police officers that the officers possessed arrest warrants for Cobbins, one of which was for a crime of violence. The court also found that the officers had information that Cobbins possessed at least two weapons and that they had observed at least four people enter the apartment where Cobbins was located and saw only one person depart. The court continued that the officers had observed others in the apartment upon Cobbins's arrest and that they "had reasonable grounds to believe that they, themselves, or others could be in danger and that a protective sweep was indicated and necessary." The court continued that "the search went no further than was necessary to reasonably assure the officers that there were no individuals there who were a danger to others on the arrest scene."
 
 
 7
 This Court reviews a district court's findings of fact on a motion to suppress under the clearly erroneous standard. Bernard, 757 F.2d at 1443; United States v. Turner, 650 F.2d 526, 528 (4th Cir.1981).
 
 
 8
 A finding is clearly erroneous when although there is evidence to support it, the reviewing court, after review of all of the evidence, is left with the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Since the record supports the district court's findings and since those findings support the conclusion that the sweep was justified by a reasonable and articulable suspicion that the house was harboring a person posing a danger to those on the arrest scene, we affirm the district court's denial of the motion to suppress.
 
 
 9
 Cobbins argues that Buie does not apply because his arrest took place outside the apartment and the police did not have to enter the apartment to arrest him. He contends that the sweep of rooms inside the apartment were not in areas immediately adjoining the place of arrest. However, a protective sweep is justified by exigent circumstances when the arrest itself occurs outside the premises. See United States v. Hoyos, 892 F.2d 1387, 1397 (9th Cir.1989), cert. denied, 59 U.S.L.W. 3245 (U.S.1990).
 
 
 10
 Cobbins next asserts that the district court erred in denying his motion for acquittal under Fed.R.Crim.P. 29(a) because the evidence was insufficient to convict him. He asserts that the evidence did not establish either that he actually or constructively possessed any firearms or that he engaged in a drug trafficking enterprise.
 
 
 11
 This Court must sustain a guilty verdict if there is substantial evidence to support it when viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942). This Court commented in United States v. Paz, 927 F.2d 176 (4th Cir.1991), that ownership is not essential to the possession and use of a firearm. Constructive possession of firearms in relation to a drug transaction is sufficient to establish "use" for purposes of 21 U.S.C. § 924(c)(1). Id. at 179. The weapon need not be brandished or displayed; "it is enough that the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used." United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988).
 
 
 12
 Based on the evidence that police found Cobbins's personal papers and photographs in the bedroom where they found the firearms, that Cobbins possessed a key to the apartment, and that his name was on the apartment lease, we find that the evidence was sufficient to establish that Cobbins constructively possessed the firearms.
 
 
 13
 Cobbins asserts that there was no evidence that he committed a drug trafficking offense and notes that he has never been prosecuted for a drug offense. Courts have held, however, that separate convictions may be had under 18 U.S.C. § 924(c)(1) because it creates an independent basis for criminal liability. See United States v. MunozFabela, 896 F.2d 908, 910 (5th Cir.), cert. denied, 59 U.S.L.W. 3245 (U.S.1990). It is only the fact of the offense, not a conviction, that is needed to establish the required predicate for a conviction under § 924(c)(1). Id. at 911.
 
 
 14
 Construing the evidence in the light most favorable to the prosecution, there was adequate evidence to support the jury's conclusion that Cobbins was engaged in a drug trafficking offense even though he was never charged with a drug crime. A toxicologist verified at trial that cocaine residue was found on a number of items of drug paraphernalia confiscated from the apartment. The toxicologist also testified that substances taken from the apartment were in fact marijuana and cocaine and that various items seized from the apartment were commonly used in drug use and distribution. For these reasons, we find that the district did not err in denying appellant's motion for acquittal.
 
 
 15
 Cobbins sought to introduce at trial evidence that drug charges pending against him in state court were voluntarily dismissed. Each dismissal stated that the charge was dismissed because Cobbins was indicted in federal court. The court refused to admit the evidence because it found it irrelevant.
 
 
 16
 The trial court has broad discretion in ruling on questions of relevancy and in balancing the probative value of relevant evidence against undue prejudice. United States v. Zandi, 769 F.2d 229, 237 (4th Cir.1985). This Court should not disturb that determination absent an abuse of discretion. Id. We find that the court did not abuse its discretion in holding the evidence irrelevant.
 
 
 17
 For the above reasons, we affirm Cobbins's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 18
 AFFIRMED.