**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

ROBERT HAYES WILLIAMS, a/k/a

No. 97-4346

Rashawn Johnson, a/k/a Russell
Corley, a/k/a Robert Hayes, a/k/a
Shean Street, a/k/a Rumble,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 97-4349

SH'DELL NICHOLAS, a/k/a Sh'Del
Nickoles, a/k/a Sh'Dell Nicholes,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 97-4351

WAKING HARRELL, a/k/a Walking
Harrell, a/k/a Tony Goodwin, a/k/a
Waking Goodwin, a/k/a Sugar Bear,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-96-202)

Argued: April 10, 1998

Decided: November 2, 1998

Before WILKINSON, Chief Judge, WIDENER, Circuit Judge, and
WILLIAMS, Senior United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** George Howard Lancaster, Jr., Assistant Federal Public
Defender, Charleston, West Virginia; Gregory Marshall Courtright,
Charleston, West Virginia, for Appellants. John Lanier File, Assistant
United States Attorney, Charleston, West Virginia, for Appellee. **ON
BRIEF:** Richard M. Gunnoe, Hinton, West Virginia, for Appellant
Nicholas. Rebecca A. Betts, United States Attorney, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following conditional pleas of guilt to conspiracy to distribute and
possess with intent to distribute cocaine base in violation of 21 U.S.C.
§§ 841(a)(1) and 846, defendants Waking Harrell, Sh'Dell Nicholas,
and Robert Hayes Williams appeal their convictions. The error
claimed is the denial by the district court of their motion to suppress
evidence of crack cocaine found in their motel room. We affirm.

2

Briefly, the facts are as follows. On November 14, 1996, a Raleigh county deputy sheriff also serving on the Regional Unified Drug Task Force received a call from the manager of a motel in Beckley, West Virginia who reported suspicions of possible drug dealing by the occupants of room 106. The manager reported that there were many visitors to the room, that Defendant Harrell had rented the room a day at a time on consecutive days paying with cash, and that the occupants had refused maid service until the third day at which time hotel policy required rooms to be entered. Harrell had used a non-driver's license form of identification and had not registered with an automobile even though the occupants were using a car. Officers of the Regional Unified Drug Task Force set up surveillance in another room of the motel with an unrestricted view of room 106. The license plate of the car being used by the occupants showed that it was registered to Amerita Barringer and Henry Burton. Burton was the subject of three outstanding arrest warrants for bad check charges. At this stage of the matter, a state court magistrate, by telephone, determined that the facts thus far did not establish probable cause sufficient to issue a warrant to search the motel room.

Later, and shortly before 4 p.m. on the same day, the car used by the defendants arrived in the parking lot of the motel. The driver of the car parked some distance away from room 106 despite the availability of parking spaces close to the room. Three men got out of the car and entered room 106. About 5:45 p.m. two men left the room, departed in the car and returned about 15 minutes later. The officers decided that they would continue surveillance until about 7 p.m. and if there was no further activity they would approach the room, attempt to speak with the occupants about the complaint regarding drug activity, and attempt to serve the warrants on Burton.

At 7:00 p.m. five officers approached the room. The district court found that the officers knocked or beat (as alleged by defendants) on the door and stated or hollered (as alleged by defendants) "[i]t's the police." One of the occupants, Nicholas, opened the curtain near the door and an officer pressed a badge to the window and repeated "[i]t's the police." Through the opening in the curtain, one of the officers saw Nicholas turn and speak to another occupant, Harrell, who grabbed unidentified items from a counter near the window and ran in the direction of the bathroom. The officer called out that "[t]hey're

3

flushing the stuff," which prompted the officers to attempt to kick open the door. The attempt was unsuccessful, but a few seconds later Nicholas opened the door and two officers ran to the bathroom and found water running in the toilet and Harrell standing nearby.

On entering the room, other officers told the defendants to get down on the floor or beds, frisked them, and asked them to identify themselves. Harrell and Nicholas gave true names, but Williams identified himself as Rashawn Johnson. The room was registered to Harrell, and he was asked to step outside. Harrell was then asked, in a conversation that was tape recorded, if he had a problem with the officers searching the room to which he replied "[n]o - why?" He was then asked if he had drugs or guns in the room. Harrell admitted the presence of a gun. He was asked why he ran to the bathroom when he saw the police at the window to which he replied he wanted to flush marijuana he and the others had been smoking. Upon a search of the room, the officers found a gun which was claimed by Nicholas, and two duffle bags containing a total of 91 grams of crack cocaine. None of the defendants admitted to the ownership or knowledge of the presence of the crack cocaine in the room.

On appeal, the defendants contend that the officers' illegal conduct of beating on the door and hollering "[i]t's the police" coerced them into both drawing back the curtain and opening the door in violation of the Fourth Amendment. The district court correctly rejected this argument on the reasoning that "[t]he officers had a right to be outside the front door and window of Room 106, and what they observed there was clearly visible from that spot." It cited United States v. Taylor, 90 F.3d 903, 908 (4th Cir. 1996), and United States v. Bellina, 665 F.2d 1335, 1341-42 (4th Cir. 1981).

The defendants next contend that the officers did not have probable cause or exigent circumstances to justify entering the room without a warrant. The district court found that probable cause and exigent circumstances arose sufficient to justify the warrantless entry when, in addition to the suspicious activity reported to the officers by the motel manager, the officers identified themselves and saw through the opened curtain one of the occupants grabbing items from a counter and running towards the bathroom. It relied upon United States v. Turner, 650 F.2d 526, 528 (4th Cir. 1981) (warrantless entry may be

justified when officers have probable cause to believe contraband is present and they reasonably believe evidence may be destroyed or removed before they can secure a search warrant). We agree with the district court that this behavior in response to the arrival of the police is sufficient to support a finding of probable cause and that the officers reasonably believed that evidence was being destroyed. The defendants rely on United States v. McCraw, 920 F.2d 224 (4th Cir. 1990), to support their argument of no probable cause or exigent circumstances. In McCraw, however, the police had not observed the defendant destroying evidence prior to entering the room and, the police not having announced themselves, the defendant was unaware that it was the police who were knocking at the door when he opened it. In the present case, the officers identified themselves and witnessed the probable destruction of evidence prior to the door being opened and prior to entering the room.

The defendants also claim that Harrell was illegally seized and that his consent to search the room was involuntary because no reasonable person would have felt free to leave. Again, we agree with the district court that the officers were justified in briefly detaining and questioning Harrell because they had reasonable suspicion based on the articulable facts and circumstances before them that Harrell was engaged in criminal activity. Further, the assumption that one is not free to leave or the fact that an officer's gun may be drawn is not sufficient to convert a brief investigative encounter to an arrest. The district court cited United States v. Sokolow, 490 U.S. 1, 7 (1989), United States v. Leshuk, 65 F.3d 1105, 1109-10 (4th Cir. 1995), and United States v. Sinclair, 983 F.2d 598 (4th Cir. 1993). As to whether Harrell's consent to search was voluntary, we agree that there was no evidence that the officers verbally or physically attacked or threatened Harrell, nor were the officers required to advise Harrell that he had a right to refuse consent. There is nothing to upset the finding of the district court that Harrell's consent was voluntary.

Finally, Williams argues that the district court erred in increasing his offense level by two points on account of the finding that the gun was present in the motel room. Williams argues that because Nicholas admitted that the gun was his, the two points should not have been added to Williams' offense level. The district court found that it was reasonable to foresee that each one of the three defendants had a full

5

knowledge of what the other two were doing, and this gun did bear a direct relationship to the drug trafficking crime. We are of opinion that the finding is not clearly erroneous. Commentary 3 to Sentencing Guideline 2D1.1 provides that: "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."

In view of the finding of fact of the district court just related and Commentary 3 to the Sentencing Guidelines, we are of opinion that this claim is without merit.

Accordingly, Williams' sentence and the judgments of conviction are

AFFIRMED.

6