**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 02-4842**

———————————

UNITED STATES OF AMERICA,

                                                     Plaintiff - Appellee,

      versus

EDDIE MCLEAN,

                                                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CR-02-37-BO)

———————————

Submitted: August 24, 2005        Decided: October 12, 2005

———————————

Before MICHAEL, KING, and GREGORY, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

W. Gregory Duke, BLOUNT & DUKE, Greenville, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Eddie McLean was convicted by a jury of two counts of unlawful possession of a firearm by a felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of 110 months imprisonment. McLean appeals his conviction and sentence. We affirm.

At McLean's trial, the government's evidence showed that, on May 13, 2001, Fayetteville, North Carolina, Police Officer Jamison Keltner responded to a report of "shots fired" and was directed to McLean's house. Keltner testified that he found McLean standing on his front porch smelling strongly of alcohol. When Keltner asked McLean where the gun was, McLean said that he had put it on the porch. Keltner seized a 12-gauge shotgun from McLean's porch, a short distance from where McLean was standing. There were several shotgun shells lying on the porch. McLean told Keltner that he had fired the shotgun because he was tired of "drug boys" being in the street in front of his house. McLean was not arrested, although the shotgun was confiscated.

Officer Brenda Senkier testified that, on July 9, 2001, she responded to a report of shots being fired at McLean's house. When she arrived, she saw McLean standing on his porch holding a pistol. Senkier told McLean to put the gun down, but he ran inside and went to the kitchen at the back of the house. Senkier heard the sound of a drawer closing, after which McLean returned to his porch and confronted Senkier belligerently. When a backup officer

arrived, he and Senkier placed McLean in a patrol car, then went into McLean's kitchen, where they found a pistol in the drawer below the oven.  The pistol had recently been fired.  The backup officer  testified at trial, corroborating Senkier's account.  The government also produced evidence that McLean had a prior felony drug conviction.  McLean was convicted of both counts of being a felon in possession of a firearm.

At sentencing, the district court grouped both counts together pursuant to U.S. Sentencing Guidelines Manual § 3D1.2(d) (2002), and determined that a base offense level of 24 applied under USSG § 2K2.1(a)(2) because McLean had two prior felony convictions for aggravated assault.  With eighteen criminal history points, McLean was in criminal history category VI.  His guideline range was 100-120 months.  McLean argued pro se that his criminal history and base offense level were incorrectly calculated; however, the district court summarily overruled his objections and imposed a sentence of 110 months imprisonment.

On appeal, McLean first challenges the district court's denial of his motion in limine, in which he sought to suppress the pistol seized from his house.  The motion was filed on August 27, 2002, although the district court's pretrial scheduling order required that pretrial motions be filed by March 29, 2002.  The court denied the motion on two grounds:  (1) that it was an untimely motion to suppress, and (2) that a warrantless entry into

McLean's house was justified by exigent circumstances. McLean concedes that the motion was untimely, but argues that the issue was preserved for appeal because the court addressed the merits of his motion. He claims that the court clearly erred in finding that exigent circumstances were present.

Suppression motions must be filed before trial. Fed. R. Crim. P. 12(b)(3)(C); <u>United States v. Wilson</u>, 115 F.3d 1185, 1190 (4th Cir. 1997). The district court may set a date before which pretrial motions must be filed. Fed. R. Crim. P. 12(c). A defendant's failure to make a pretrial motion before the court's deadline constitutes a waiver of the issue unless the court grants relief from the waiver for good cause. Fed. R. Crim. P. 12(e). The district court's decision to deny a suppression motion as untimely is reviewed for abuse of discretion, with consideration given to the defendant's reason for the untimely filing. <u>United States v. Denman</u>, 100 F.3d 399, 402 (5th Cir. 1996). McLean did not request relief from the waiver or provide any explanation for his late filing. Therefore, the district court did not abuse its discretion in denying McLean's motion in limine seeking to suppress the pistol.[*]

---

[*]We also conclude that the district court did not clearly err in finding that the officers' limited warrantless search for the pistol was justified by exigent circumstances. <u>United States v. Cephas</u>, 254 F.3d 488, 495 (4th Cir. 2001) (citing <u>United States v. Turner</u>, 650 F.2d 526, 528 (4th Cir. 1981)). The officers did not know whether there were other persons in the house who might remove or use the firearm.

McLean next argues that the district court refused him the right to represent himself or to obtain a new attorney of his own choosing. McLean moved to represent himself on August 27, 2002, the scheduled trial date, but he indicated that his real desire was to obtain a different lawyer. The court offered to continue the trial and discharge McLean's lawyer if he wished. McLean then relinquished his request to represent himself, stating, "If you will continue it, I'll stay with him until I see about getting another lawyer." The district court continued the trial and ruled that, "[a]ny request the defendant has made to discharge his lawyer is denied." McLean was represented at trial by his appointed counsel. He obtained a new lawyer for the sentencing hearing. He did not ask to represent himself again.

The district court's denial of a defendant's motion to represent himself is reviewed de novo. <u>United States v. Singleton</u>, 107 F.3d 1091, 1096-97 (4th Cir. 1997). Although a defendant has a right to represent himself, <u>Faretta v. California</u>, 422 U.S. 806, 819 (1975), his assertion of the right "must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." <u>United States v. Frazier-El</u>, 204 F.3d 553, 558-59 (4th Cir. 2000) (internal citations omitted). The record in this case reveals that McLean never made an unequivocal request to represent himself. On these facts, the district court did not err when it

denied McLean's motion to discharge his lawyer and represent himself.

McLean contends that the evidence was insufficient to establish that he possessed either the shotgun or the pistol because the shotgun was not in his hands on May 12, 2001, when Officer Keltner arrived and because Officer Senkier did not positively identify the pistol found in McLean's kitchen as the weapon she saw in his hand when she approached his house on July 9, 2001. We review de novo the district court's decision to deny a Fed. R. Crim. P. 29 motion for acquittal. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003), cert. denied, 124 S. Ct. 2906 (2004). The reviewing court considers both direct and circumstantial evidence and permits "the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Witness credibility is within the sole province of the jury, and the appellate court does not reassess the credibility of testimony. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Here, the government's evidence was sufficient to show that McLean actually possessed a firearm on each date charged in the indictment. Officer Keltner testified that, when he walked up to McLean's porch and asked McLean where the gun was, McLean pointed out where the shotgun was lying on the porch and said he had put it there. Keltner also testified that McLean told him he had fired the shotgun before Keltner arrived. Because the jury found Keltner's testimony credible, his testimony established that McLean possessed the shotgun on that date. Similarly, Officer Senkier testified that she observed McLean standing on his porch with a pistol in his hand. When Senkier approached the porch, McLean ran into his house toward what she knew to be the kitchen. She heard a bang, after which McLean immediately came out of the house again and said to her, "You are not getting it." Senkier and the backup officer then recovered from a drawer in the kitchen a handgun that had recently been fired. Senkier testified that the recovered gun was the same gun she saw McLean holding on the porch. This evidence was sufficient to establish that McLean possessed the seized firearm on that date.

Relying on <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), McLean contends that the court's decision to enhance his base offense level based on his two prior convictions for crimes of violence violates the Fifth and Sixth Amendments. Because McLean did not challenge his sentence on constitutional grounds in the

district court, his claim is reviewed for plain error.  United States v. Olano, 507 U.S. 725, 731-32 (1993).  McLean's base offense level was set at 24 based on his two 1997 convictions for aggravated assault.  McLean was arrested in January 1996 and again in July 1996; he pled guilty in each case and was sentenced to concurrent four-year terms of imprisonment on August 14, 1997.  Each conviction involved an assault on a different victim, on different dates.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely applies to the federal sentencing guidelines and that the Sixth Amendment is violated when a sentence is imposed under the mandatory guidelines scheme which is greater than the maximum authorized by the facts admitted by the defendant or found by the jury.  See 125 S. Ct. at 746, 750-51.  The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory.  Id. at 756-57.  Booker reaffirmed the prior conviction exception set out in Almendarez-Torres v. United States, 523 U.S. 224 (1998), and preserved in Apprendi v. New Jersey, 530 U.S. 466 (2000).  See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a

jury beyond a reasonable doubt"). Subsequently, the Supreme Court held in Shepard v. United States, 125 S. Ct. 1254 (2005), that the same Sixth Amendment principle applies to "a disputed fact . . . about a prior conviction" that is not evident from the prior judicial record, id. at 1262, as opposed to the mere fact of a prior conviction. See also United States v. Collins, 412 F.3d 515 (4th Cir. 2005) (finding no Sixth Amendment violation where nature and separateness of predicate offenses for career offender status was undisputed); cf. United States v. Washington, 404 F.3d 834, 843 (4th Cir. 2005) (finding that district court's reliance on disputed facts about prior conviction to determine that it was a crime of violence violated the Sixth Amendment).

McLean acknowledges the exception for "the fact of a prior conviction," upheld in Blakely, 542 U.S. at ___, 124 S. Ct. at 2536, but argues that Almendarez-Torres, 523 U.S. at 233-36, on which it is based, must now be narrowly applied and may no longer be good law. Further, McLean argues that the factual findings required to determine whether particular convictions are countable and how many points are assessed involve more than the mere fact of a prior conviction and therefore are subject to the requirements of Blakely.

This argument is foreclosed by the Supreme Court's reaffirmation of the Almendarez-Torres prior conviction exception in Booker. In this case, the district court's determination of

McLean's criminal history did not violate the Sixth Amendment because the court did not consider any facts McLean had not admitted. The court relied on the record of McLean's prior convictions and sentences. As in Collins, the violent nature and separateness of McLean's prior convictions for aggravated assault were evident from the record. McLean's due process or Fifth Amendment claim also fails. See United States v. Harp, 406 F.3d 242, 247 (4th Cir. 2005) (holding that, even if the district court plainly erred in determining that defendant was a career offender when elements of career offender status had not been charged in indictment, this court would not exercise its discretion to correct the error because Harp "had no legitimate defense to the career offender designation"). McLean similarly lacks a legitimate defense to the base offense level that was applied under § 2K2.1(a)(2).

McLean also argues that the district court plainly erred by using his two aggravated assault convictions to enhance his base offense level under § 2K2.1(a)(2) and giving him three criminal history points for the sentence in each case because this constitutes improper double counting. Because McLean did not object to his criminal history calculation on this ground in the district court, this claim is reviewed for plain error.

No error occurred because double counting is permitted under the guidelines "except where it is expressly prohibited."

United States v. Crawford, 18 F.3d 1173, 1179 (4th Cir. 1994). Therefore, it is permissible to enhance a defendant's base offense level because he has certain prior felony convictions and to assess criminal history points for the sentences imposed for the same convictions. Id. at 1180. McLean concedes that his argument was rejected in Crawford, but he suggests that Crawford should be overruled. Because a panel of this court may not overrule another panel, see United States v. Chong, 285 F.3d 343, 346 (4th Cir. 2002), his claim fails.

Next, McLean contends that the district court plainly erred in not counting the sentences for his two 1997 convictions as one prior sentence under § 4A1.2(a)(2) because they were related cases as defined in Application Note 3 to § 4A1.2. Cases are related if they occurred on the same occasion, they were part of a single common scheme or plan, or they were consolidated for trial or sentencing. However, Application Note 3 states that cases are never considered related if there was an intervening arrest, that is, the defendant was arrested for the first offense before he committed the second offense. McLean was arrested for the first aggravated assault in January 1996; he committed the second aggravated assault on a different victim in July 1996. Consequently, the district court did not err in counting the sentences imposed in these cases separately.

Finally, McLean maintains, again for the first time, that the district court erred in awarding criminal history points under § 4A1.1(a) and (c) for his prior sentences because the convictions were not charged in the indictment or found by a jury beyond a reasonable doubt. He also argues that the court plainly erred in assessing two criminal history points under § 4A1.1(e) for commission of the instant offense while on probation when his probationary status was not charged or proved to a jury. No Sixth Amendment error occurred because the court relied solely on the judicial record which established the fact of McLean's prior convictions and sentences, including his probationary sentence. All these facts come within the prior conviction exception upheld in <u>Booker</u>. 125 S. Ct. at 756. The court did not make fact findings to resolve any dispute about the prior convictions; all the information used to calculate McLean's criminal history was evident from the judicial record. <u>Shepard</u>, 125 S. Ct. at 1262-63.

We therefore affirm the conviction and sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 12 -