**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-5126**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID BRANDON WATSON, a/k/a Timothy Brian Webster,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:08-cr-01251-TLW-1)

─────────────

Submitted: May 31, 2012          Decided: June 7, 2012

─────────────

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Carrie Fisher Sherard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Brandon Watson appeals his conviction and ninety-month sentence following his conditional guilty plea, pursuant to a written plea agreement, to possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). On appeal, Watson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in denying the motion to suppress, whether the court fully complied with Federal Rule of Criminal Procedure 11 in accepting Watson's guilty plea, and whether Watson's sentence was reasonable. Watson filed a pro se supplemental brief in which he argued that the district court erred in denying the motion to suppress. Finding no error, we affirm.

Both Watson and counsel question the district court's denial of the motion to suppress the drugs and firearms recovered during a warrantless search of Watson's hotel room. In considering the district court's denial of a motion to suppress, "[w]e review the district court's legal determinations de novo and its factual determinations for clear error." United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010). When the

2

district court has denied a suppression motion, "we construe the evidence in the light most favorable to the government." Id.

"A voluntary response to an officer's knock . . . does not generally implicate the Fourth Amendment, and thus an officer generally does not need probable cause or reasonable suspicion to justify knocking on the door and then making verbal inquiry." United States v. Cephas, 254 F.3d 488, 493 (4th Cir. 2001). To enter the residence, however, the officer must have a warrant or there must exist "exigent circumstances" justifying a warrantless entry. Id. at 494. Exigent circumstances include situations in which "police officers (1) have probable cause to believe that evidence of illegal activity is present and (2) reasonably believe that evidence may be destroyed or removed before they could obtain a warrant." Id. at 494-95; see United States v. Turner, 650 F.2d 526, 528 (4th Cir. 1981) (enumerating additional factors for determining exigency).

Upon review, we conclude that the district court did not err in finding that exigent circumstances justified the police officers' warrantless entry into Watson's hotel room. To the extent Watson challenges the officers' credibility, "[w]e . . . defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th

3

Cir. 2008) (internal quotation marks omitted). Thus, the district court did not err in denying Watson's motion to suppress the drugs and firearms recovered during the search.

Counsel next questions whether the district court fully complied with Rule 11 in accepting Watson's guilty plea. Our review of the plea hearing reveals that the district court substantially complied with Rule 11 in conducting the plea colloquy and that any minor omissions by the court did not affect Watson's substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard); United States v. General, 278 F.3d 389, 393 (4th Cir. 2002) (providing standard of review). Thus, the district court did not err in finding that Watson's guilty plea was knowing and voluntary.

Finally, counsel questions whether Watson's sentence was reasonable. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Once we have determined that there is no procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id.

If the sentence imposed is within the appropriate Guidelines range, we consider it presumptively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Upon review, we conclude that the district court committed no procedural or substantive error in sentencing Watson to ninety months' imprisonment, a term that included a within-Guidelines sentence on the drug charge and the statutory mandatory minimum sentence on the firearms charge. See United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) (providing standard of review); see Gall, 552 U.S. at 46.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Watson, in writing, of his right to petition the Supreme Court of the United States for further review. If Watson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Watson. We dispense with oral argument because

5

the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED