**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4231**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

DEMETRIUS ANTONIO MCKOY,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:09-cr-00051-BO-1)

———————

Submitted: November 16, 2012      Decided: November 20, 2012

———————

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Paul K. Sun, Jr., ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Antonio McKoy appeals the district court's judgment sentencing him to 220 months' imprisonment. McKoy was convicted of simple possession of marijuana in violation of 21 U.S.C. § 844(a) (2006), possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006), and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, McKoy argues that the district court erred when it did not suppress evidence obtained by a warrantless search of McKoy's apartment, the evidence was not sufficient as a matter of law to convict him of possession of a firearm, he was entitled to a jury instruction on the lesser-included offense of simple possession of cocaine, and that the district court erred when it sentenced McKoy as a career offender. We affirm.

McKoy first contends that the district court erred by denying his motion to suppress the evidence of contraband discovered in his apartment. When considering the district court's denial of a motion to suppress, we "review the district court's legal determinations de novo and its factual determinations for clear error." United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010). Where a motion to suppress has been denied, we "construe the evidence in the light most favorable to the government." Id. We also note that "searches

2

and seizures inside a home without a warrant are presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586 (1980).

For a warrantless entry to be reasonable under the Fourth Amendment, it must be the result of exigent circumstances, situations where "police officers (1) have probable cause to believe that evidence of illegal activity is present and (2) reasonably believe that evidence may be destroyed or removed before they could obtain a warrant." United States v. Cephas, 254 F.3d 488, 494-95 (4th Cir. 2001); see United States v. Turner, 650 F.2d 526, 528 (4th Cir. 1981) (enumerating additional factors for determining exigency). We review the factual finding of exigent circumstances for clear error. United States v. Mowatt, 513 F.3d 395, 399 (4th Cir. 2008). Upon review of the record, we conclude that the district court did not err in finding probable cause to search, based on the plainly apparent illegal activity occurring in the apartment. We further conclude that the district court's finding that the warrantless entry was justified by exigent circumstances was well-supported by the evidence.

McKoy also argues that there was not sufficient evidence to convict him of possession of a firearm. A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see

3

United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). The crime of being a felon in possession of a firearm has three elements: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, transported, shipped, or received the firearm; and (3) the possession was in or affecting commerce." United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (citing United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc)). Possession may be actual or constructive. Moye, 454 F.3d at 395. Our review of the record leads us to conclude that the evidence was sufficient for a rational finder of fact to conclude that McKoy possessed the firearm.

McKoy contends that he was entitled to an instruction that would have allowed the jury to find him guilty of the lesser-included offense of simple possession of cocaine. "The district court has no discretion to refuse to give a lesser-included instruction if the evidence warrants the instruction and the defendant requests it." United States v. Baker, 985 F.2d 1248, 1259 (4th Cir. 1993). To be entitled to the instruction, the defendant must present some "evidence from which a reasonable jury could find that [defendant's] intent was to possess the cocaine for personal use, rather than for distribution." United States v. Wright, 131 F.3d 1111, 1112

4

(4th Cir. 1997). McKoy did not put on any evidence of his own at trial, and we conclude that he did not elicit enough evidence from the Government witnesses, in light of Wright, to require the district court to give the lesser-included offense instruction.

Finally, McKoy argues that the district court's application of the career offender Guidelines violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because the fact of the prior convictions relied on to support the sentence enhancement was not pled in the indictment and proved before the jury. Because McKoy was sentenced below the statutory maximums on each count, his argument is without merit.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5