**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4942**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ODELL GENE GOLDEN,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:12-cr-00026-CCE-1)

_____

Submitted: May 31, 2013           Decided: June 25, 2013

_____

Before KING, WYNN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, T. Nick Matkins, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Odell Gene Golden pled guilty to being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g)(1) (2006). His guilty plea was conditioned on his ability to appeal from the denial of his motion to suppress the evidence. On appeal, he contends that the district court erred in denying his motion to suppress, because the weapon was found during a search without a warrant. For the reasons that follow, we affirm.

Searches undertaken without a warrant and issued upon probable cause are per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions. Katz v. United States, 389 U.S. 347, 357 (1967). Two exceptions to the warrant requirement are exigent circumstances, United States v. Turner, 650 F.2d 526, 528 (4th Cir. 1981), and consent to a search. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973).

Golden contends that exigent circumstances no longer existed at the time the gun was discovered, such that the district court should have granted his motion to suppress the revolver found in Arnold Johnson's apartment. When considering the denial of a motion to suppress, we review de novo a district court's legal conclusions, while we review its factual findings for clear error. Ornelas v. United States, 517 U.S. 690, 699

2

(1996); <u>United States v. Guijon-Ortiz</u>, 660 F.3d 757, 762 (4th Cir. 2011). The district court noted that although exigent circumstances allowed officers to enter Johnson's apartment, the gun was found following Johnson's consent for officers to search for the gun that Golden had fired in his apartment.

We find no clear error in the district court's factual finding regarding Johnson's consent. <u>Ornelas</u>, 517 U.S. at 699. As expressly noted by the district court, it made a credibility determination based on the somewhat differing testimony regarding the details of Johnson's consent for officers to search. We note, however, that there was no evidence indicating Johnson did not consent for officers to find the pistol that Golden had fired in his apartment. Moreover, we are mindful that we must construe evidence in the light most favorable to the Government, the prevailing party below. <u>United States v. Perkins</u>, 363 F.3d 317, 320 (4th Cir. 2004).

Accordingly, we affirm. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3