**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 19-4910

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTIAN RYAN BOWLES,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:19-cr-00122-1)

Submitted: December 17, 2021                          Decided: January 3, 2022

Before MOTZ and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian D. Yost, HOLROYD & YOST, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Courtney L. Cremeans, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christian Ryan Bowles appeals his conviction and 121-month sentence pursuant to a conditional guilty plea to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). In his plea agreement, Bowles reserved the right to appeal the denial of his motion to suppress evidence. Bowles contends on appeal that the district court erred in denying his motion to suppress evidence because exigent circumstances did not exist to render the warrantless search and seizure of his property reasonable under the Fourth Amendment. We affirm.

When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal conclusions de novo. *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021). We consider the evidence in the light most favorable to the Government and "must also give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* (internal quotation marks omitted). We "particularly defer to a district court's credibility determinations" and will only "reverse a lower court's finding of fact" if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. While warrantless searches and seizures are therefore presumptively unreasonable, "the exigencies of the situation [may] make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." *Kentucky v. King*, 563 U.S. 452, 460 (2011) (brackets and internal quotation

marks omitted). "What is reasonable depends upon all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself." *United States v. Montoya de Hernandez*, 473 U.S. 531, 537 (1985). "[T]he permissibility of a particular law enforcement practice is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *United States v. Villamonte-Marquez*, 462 U.S. 579, 588 (1983). However, while the application of this doctrine requires a consideration of the totality of the circumstances, only a few emergent situations rise to the level of exigent circumstances, namely, the need to "pursue a fleeing suspect," "protect individuals who are threatened with imminent harm," and "prevent the imminent destruction of evidence." *Carpenter v. United States*, 138 S. Ct. 2206, 2223 (2018) (citing *King*, 563 U.S. at 460 & n.3).

The third situation allows officers to conduct a warrantless search and seizure "where [the] officers (1) have probable cause to believe that evidence of illegal activity is present, and (2) reasonably believe that evidence may be destroyed or removed before they could obtain a warrant." *United States v. Moses*, 540 F.3d 263, 269 (4th Cir. 2008) (internal quotation marks omitted). To successfully assert this exception to the warrant requirement, police need to "possess a 'reasonable suspicion' that such circumstances exist at the time of the search or seizure in question." *Figg v. Schroeder*, 312 F.3d 625, 639 (4th Cir. 2002). Police "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant th[e] intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). Some of the factors to consider in determining whether an exigent circumstance reasonably justifies a warrantless search include:

(1) the degree of urgency involved and the amount of time necessary to obtain a warrant; (2) the officers' reasonable belief that the contraband is about to be removed or destroyed; (3) the possibility of danger to police guarding the site; (4) information indicating the possessors of the contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband.

*United States v. Yengel*, 711 F.3d 392, 397 (4th Cir. 2013) (quoting *United States v. Turner*, 650 F.2d 526, 528 (4th Cir. 1981)).

Based on these factors and the totality of the circumstances, we conclude that the district court did not err in finding that exigent circumstances justified the warrantless search and seizure of Bowles' property. When the officer seized the evidence, he had probable cause to believe that illegal activity was afoot that involved Bowles, including the flight of a suspect involved in an ongoing drug investigation immediately after he completed a controlled sale of methamphetamine. Also, Bowles had just retrieved mason jars—objects that the investigating officers immediately identified as potential vessels for methamphetamine—from the residence of another suspect in the drug investigation and had attempted to hide them. Additionally, it was reasonable for the officer to believe that the evidence would have been imminently destroyed or removed but for his warrantless seizure of the evidence, given that the drug suspect had fled into the woods where Bowles had hidden the jars and could have retrieved them during his flight. Thus, we discern no error in the district court's conclusion that Bowles' Fourth Amendment rights were not violated and, on that basis, denying Bowles' motion to suppress.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*