**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4561**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW CORBAN HAGY,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:21-cr-00099-1)

_____

Submitted:  November 21, 2023                              Decided:  November 27, 2023

_____

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Abraham J. Saad, GLAZER, SAAD, AND ANDERSON L.C., Huntington, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Julie M. White, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Matthew Corban Hagy of production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count 1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count 2). The district court sentenced Hagy to 328 months' imprisonment on Count 1 and a concurrent sentence of 240 months' imprisonment on Count 2, for a total sentence of 328 months. Hagy appeals, contending that the district court erred by denying his motion to suppress evidence. We affirm.

"In reviewing a district court's denial of a motion to suppress, we review legal determinations de novo and factual findings for clear error." *United States v. Small*, 944 F.3d 490, 502 (4th Cir. 2019). When, as here, the district court has denied a defendant's suppression motion, we consider the evidence in the light most favorable to the Government and "give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (cleaned up).

The Fourth Amendment protects individuals against "unreasonable searches and seizures." U.S. Const., amend. IV. Warrantless searches "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *United States v. Bush*, 404 F.3d 263, 275 (4th Cir. 2005) (quoting *Mincey v. Arizona*, 437 U.S. 385, 390 (1978)). An exception to the warrant requirement exists for

2

exigent circumstances, such as "to prevent the imminent destruction of evidence." *Kentucky v. King*, 563 U.S. 452, 462 (2011) (internal quotation marks omitted).

Here, Hagy and law enforcement officers testified at the hearing on Hagy's motion to suppress. The district court credited a law enforcement officer's testimony that the cell phone was found in Hagy's pants pocket during a consensual search of his person. The district court found incredible Hagy's testimony that the phone was seized from inside a vehicle. Based on our review of the record, we conclude that the district court did not commit clear error in making these findings. *See Palmer*, 820 F.3d at 653 (acknowledging deference afforded district court's credibility rulings).

Moreover, the district court appropriately determined that exigent circumstances justified the warrantless seizure of the cell phone. Officers responded to a report that Hagy had taken a nude photograph of a child. An officer testified that he believed that the photograph in question would be found on that cell phone. Based on our review of the record, we conclude that the district court did not clearly err in finding that the officer reasonably believed that the alleged photograph was on Hagy's cell phone and that the seizure of the cell phone was necessary to preserve evidence and prevent Hagy from destroying or deleting evidence. *See United States v. Grissett*, 925 F.2d 776, 778 (4th Cir. 1991) (explaining that "the proper inquiry focuses on what an objective officer could reasonably believe" (citation omitted)).

Accordingly, we conclude that the district court correctly found that the seizure of Hagy's cell phone did not violate the Fourth Amendment. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions

3

are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*